[No. G043937. Fourth Dist., Div. Three. May 19, 2011.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ALAN RIGBY, Real Party in Interest.

## COUNSEL

Tony Rackauckas, District Attorney, and Anna M. Chinowth, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Deborah A. Kwast, Public Defender, Denise Gragg, Assistant Public Defender, Holly Galloway and Alan Crivaro, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**O'LEARY, J.**—While two petitions to extend real party in interest Alan Rigby's commitment as a sexually violent predator (SVP) were pending, the trial court granted Rigby's request to petition the court for conditional release pursuant to Welfare and Institutions Code section 6608.[1] Petitioner, the Orange County District Attorney (the District Attorney), contends the trial court's order permitting Rigby to petition for conditional release while not currently committed under the Sexually Violent Predators Act (SVPA) was an act in excess of the court's jurisdiction. We agree.

### HISTORY OF THE CASE

In December 1997, the District Attorney filed the original petition to commit Rigby as an SVP pursuant to section 6604. In November of the following year, a jury found beyond a reasonable doubt that Rigby met the

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise noted.

qualifications of an SVP and a trial court ordered him committed to a secure facility for a period of two years. Prior to the expiration of his commitment, the District Attorney filed a second petition to extend Rigby's commitment, and a third petition before the expiration of the second petition. The second and third petitions were consolidated for trial, and on December 30, 2003, the trial court sustained the petitions, finding Rigby met the criteria of an SVP and ordered him committed for a consecutive period of two years on each petition.

On October 27, 2004, prior to the expiration of Rigby's third commitment, the District Attorney filed a fourth petition (M-10354), the subject of this writ petition, seeking to extend Rigby's commitment for another two years. On November 12, 2004, the trial court made a finding pursuant to section 6601.5 that the petition contained sufficient facts that constituted probable cause that Rigby is likely to engage in sexually violent predatory criminal behavior if released and ordered him detained in a secure facility until his probable cause hearing.

While the fourth petition was still pending, on October 13, 2006, the District Attorney filed a fifth petition (M-11042), also the subject of this writ petition. The fifth petition seeks an indeterminate commitment based on the passage of Proposition 83 in 2006, which eliminated the two-year commitment in favor of an indeterminate term of commitment. (§§ 6604, 6604.1.) As the trial court did with the fourth petition, on October 27, 2006, it found pursuant to section 6601.5 that the fifth petition also contains prima facie evidence that probable cause exists to believe Rigby is likely to engage in sexually violent predatory criminal behavior if released and ordered him detained in a secure facility until his probable cause hearing.

After having been detained without a probable cause hearing since 2004 on the fourth petition, and since 2006 on the fifth petition, Rigby filed a notice of petition for conditional release pursuant to section 6608 on January 27, 2010. Attached to the petition was an evaluation from one expert stating Rigby meets the criteria of an SVP, and evaluations from two other experts stating Rigby does not meet the criteria of an SVP. After argument, the trial court made a finding, during Rigby's absence, that he is committed and therefore entitled to petition for conditional release.

At the hearing, the trial court chronicled the lengthy procedural history of the case. Apparently the newest member to the case, the trial court sought an

explanation from the parties concerning the extraordinary delay in the case and then stated, "I think that what we have here—I think it's a de facto commitment. . . . That, in fact, he has been committed many times. A couple of times. That's what I'm going to rule. I think the language suggests that. It was ten years? [¶] . . . He's been committed. So I think as a—it just appears it's a de facto commitment. Now, he hasn't had the probable cause where he hasn't had another commitment, but for all intents and purposes, if you look at it, that's the only way I can look at it. . . . [¶] [B]ut the language of [section] 6608[2] refers to a person who has been committed, is committed, and to the person committed. Those are in paragraphs A, C, and D of [section] 6608. [¶] Again, in construing a statute, the first step is to look at its language and give effect to its plain meaning. [¶] And I think it's—he's been committed. It doesn't have to be on the one presently. [¶] So what I'm going to do is I'm going to find that he's committed."

As a result of the trial court's ruling, the District Attorney filed a motion for declaratory relief, or in the alternative a motion for reconsideration, challenging whether the trial court had jurisdiction to proceed on Rigby's petition for conditional release. In May 2010, the trial court granted the District Attorney's motion to reconsider its prior ruling, and after briefing and argument, the court affirmed its previous ruling and added the following statement to the dockets in case *People v. Rigby* (Super. Ct. Orange County, 2011, No. M-9719) (the petition sustained in 2003 and expired in 2004), and cases Nos. M-10354, and M-11042 (the pending fourth and fifth petitions): "The Court states in closing that, for all practical purposes, [Rigby] is under a de facto commitment as a[n] [SVP]. Therefore, based on principles of due process and fundamental fairness, combined with the ambiguity of the SVPA concerning individuals with expired commitments who are awaiting trial on recommitment petitions, this [c]ourt construes section 6608 to allow [Rigby] to apply for conditional release. By this ruling, the [c]ourt expresses no opinion on whether [Rigby] is suitable for conditional release. That will take a separate hearing at which [Rigby] will have the burden of proof by a preponderance of the evidence to establish that he would not be a danger to others due to his diagnosed mental disorder while under the supervision and treatment in the community. [(§ 6608, subds. (d), (i))]. Subdivision (j) of section 6608 provides that where, as here, the petition for conditional release was not made by the director of the treatment facility to which [Rigby] is confined, the [c]ourt can take no action on the petition without first obtaining the written recommendation of the director of the treatment facility. Therefore, this [c]ourt orders the director of Coalinga State Hospital to provide this

---

[2] Section 6608, subdivision (a), provides in relevant part: "Nothing in this article shall prohibit the person who *has been committed* as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of Mental Health." (Italics added.)

[c]ourt with its written recommendation on [Rigby's] petition for conditional release pursuant to section 6608. The director's recommendation shall be filed within 30 days of the date of this order."

## DISCUSSION

At the outset, we detail the District Attorney's and Rigby's contentions. Next, we determine whether this matter is appropriate for appellate review. To establish the proper framework for our analysis, we then explain the SVPA's statutory scheme. Finally, we apply the applicable legal principles to resolve the issue before us.

*Parties' Contentions*

The District Attorney asserts the trial court erred in construing section 6608 to permit a previously committed SVP to apply for conditional release. Contrary to the trial court's interpretation of section 6608, the District Attorney contends section 6608's plain language reserves the right to petition for conditional release to those individuals who have been "committed." The District Attorney insists once a commitment expires, the individual is no longer "committed" within the meaning of section 6608, even if the individual is kept in custody pending the determination of a new petition. Because Rigby has not been adjudged an SVP on the current pending petitions (four and five), he is not "committed" within the meaning of section 6608. The District Attorney further contends that without a current commitment, the State Department of Mental Health (DMH) has no statutory authority to monitor the person, and conditional release programs have no options for requiring the person to follow the terms and conditions of placement, no way to send a person back to the state hospital should it be necessary, and no funding to pay for a person not committed in a conditional release program.

Rigby contends the trial court properly construed the plain language of section 6608 to include individuals who have been previously committed despite the fact the two-year term of commitment has expired. He argues that due to his previous commitments, he is in a different position under the SVPA than an individual who has yet to be adjudicated an SVP for the first time. He maintains his confinement in a state hospital under the SVPA and progression in the treatment program makes him no different from an individual who is currently committed. Rigby claims that to draw a distinction between an individual who has been committed for an indeterminate

term, and those, like Rigby, who have been previously committed and are in litigation on a new petition, would violate the equal protection clauses of the federal and California Constitutions.

If the plain language of section 6608 does not provide him with the right to petition for conditional release, Rigby contends the trial court properly concluded his previous commitments constitute a "de facto" commitment. But Rigby insists he did not claim in the trial court, and does not now claim, the delay in the proceedings or the lack of a probable cause hearing resulted in a new commitment, "de facto" or otherwise. Rigby claims he is entitled to seek conditional release pursuant to section 6608 based "on the fact that he has already been committed even though the commitment has expired." He rejects any notion he is now under a new "de facto" indeterminate commitment.

In addition to his substantive contentions, Rigby alleges the petition for writ of mandate/prohibition is not ripe. He contends that because the trial court has only stated it intends to hold the initial hearing for conditional release and has not expressed an opinion as to the outcome of the hearing, appellate review is unnecessary at the present time.

The District Attorney agrees the trial court has yet to hold a hearing but asserts based on the facts of this case, the issue is ripe for review. The District Attorney asserts that in the event the trial court finds Rigby suitable for conditional release, as a practical matter, because he is not currently committed, any release at this point would be an unconditional release without supervision or monitoring.

*Availability of Writ Relief*

The issue before the trial court was whether Rigby was entitled to petition the court for conditional release without being recommitted on the fourth or fifth petitions. In deciding the issue, the court noted it had researched the cases and found no case on point. The court opined, regardless of how it decided the issue, a writ to the appellate court was likely.

Generally, interim orders are not a proper subject for writ review. But writ review is appropriate when the issue is one of first impression and writ review will provide guidance to the bench and bar. (*Litmon v. Superior Court*

(2004) 123 Cal.App.4th 1156, 1166 [21 Cal.Rptr.3d 21] (*Litmon*).) Whether an SVP who is not under a current commitment is entitled to petition for conditional release as a result of extraordinary delay in SVP proceedings is an issue that is appropriate for writ review.

*SVPA's Statutory Scheme*

The SVPA provides that whenever the Secretary of the Department of Corrections and Rehabilitation (DCR) determines an inmate may be an SVP, at least six months prior to the inmate's release, a review of the inmate's social, criminal, and institutional history shall be conducted to determine the likelihood the inmate is an SVP. (§ 6601, subd. (b).) If, as a result of the initial screening, the DCR determines the inmate is likely to be an SVP, the inmate shall be referred to the DMH for a full evaluation. The purpose of the full evaluation is to determine whether the inmate satisfies the criteria set forth in section 6600, which includes the risk of reoffense and diagnosable mental disorders. (§ 6601, subds. (a)(1) & (c).) If two practicing mental health evaluators agree the inmate has a "diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the Director of Mental Health shall forward to the appropriate county a request for a petition for commitment under section 6602. (§ 6601, subds. (d) & (i).)

Upon the filing of a petition, section 6601.5 provides a court shall review the petition to determine whether it states "sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." This section further provides that if the court determines the petition, on its face, supports a finding of probable cause, the court "shall order that the person be detained in a secure facility until a [probable cause] hearing can be completed pursuant to [s]ection 6602." The probable cause hearing "shall commence within 10 calendar days of the date of the order issued by the judge pursuant to this section." (§ 6601.5.) The probable cause hearing shall not be continued except upon a showing of good cause by the party requesting the continuance. (§ 6602, subd. (b).)

At the probable cause hearing, the court "shall review the petition and shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." (§ 6602, subd. (a).) Section 6602

provides that if the court makes a finding the petition states sufficient probable cause, "the judge shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release . . . ." (§ 6602, subd. (a).) The probable cause hearing is a preliminary determination that cannot form the basis of a civil commitment; the ultimate determination of whether an individual can be committed as an SVP is made only at trial. (§ 6604; *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 247 [127 Cal.Rptr.2d 177, 57 P.3d 654].)

Prior to 2006, if the court or jury found beyond a reasonable doubt that the person named in the petition met the criteria of an SVP, the term of commitment was two years. (§ 6604.) The term to recommit an SVP was the same, provided the petition to recommit the SVP for an additional two-year period was filed before the expiration of the previous commitment. (§§ 6604, 6604.1, subd. (a); *Litmon, supra,* 123 Cal.App.4th at p. 1168.) Section 6604 now provides that if the court or jury determines a person is an SVP, the person shall be committed for an *indeterminate* term to the custody of the DMH for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health. (Italics added.)

Once a person has been committed as an SVP, the statute provides for conditional release based on the recommendation of the Director of Mental Health (§ 6607), or on the petition of the SVP without the director's recommendation (§ 6608). Section 6608, subdivision (a), states, "Nothing in this article shall prohibit the person who *has been committed* as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of Mental Health." (Italics added.) Section 6608, subdivision (c), states that no hearing on a petition for conditional release shall be held until "the person who is committed" has been confined for at least a year from the date of the order of commitment.

Section 6608 provides that unless the trial court makes a determination the SVP's petition for conditional release is frivolous, "[t]he court shall hold a hearing to determine whether the person *committed* would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community. If the court at the hearing determines that the *committed* person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the *committed* person

placed with an appropriate forensic conditional release program operated by the state for one year. A substantial portion of the state-operated forensic conditional release program shall include outpatient supervision and treatment. The court shall retain jurisdiction of the person throughout the course of the program." (§ 6608, subd. (d), italics added.)

With respect to outpatient supervision referred to in subdivision (d) in section 6608, Penal Code section 1600 states that any person committed as an SVP under section 6600 "may be placed on outpatient status from *that commitment*" according to the procedures described in the Penal Code. (Italics added.)

*Analysis*

First, Rigby asserts section 6608, subdivision (a)'s plain language authorizes the filing of a petition for conditional release by a "person who *has been* committed," and, therefore, a hearing for conditional release is not limited to patients who are currently committed. (Italics added.) We disagree.

■ When scrutinizing the words of a statute, courts give the words their usual, ordinary, and commonsense meaning. (*People v. Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999].) If the statute is amenable to two alternative interpretations, "the one that leads to the more reasonable result will be followed [citation]." (*People v. Shabazz* (2006) 38 Cal.4th 55, 68 [40 Cal.Rptr.3d 750, 130 P.3d 519].) The meaning of the words of a statute must be derived from the context in which the words are used and with reference to the entire statutory scheme so that the whole may be harmonized and retain effectiveness. (*People v. Pieters* (1991) 52 Cal.3d 894, 899 [276 Cal.Rptr. 918, 802 P.2d 420].) Under general rules of statutory interpretation, an interpretation that has the effect of making statutory language null and void is to be avoided. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

■ We note other than in subdivision (a), section 6608 never mentions a *prior* commitment. Section 6608, subdivision (c), provides a person who "is committed" must be confined for one year prior to petitioning for conditional releases. Section 6608, subdivision (d), refers to the person "committed" at the outset and refers to the person "committed" in defining the standard for determining whether an SVP should be conditionally released. This subdivision further provides that at the end of one year of conditional release, a hearing must be held to determine whether the person should be unconditionally released from commitment. Read in the context of the SVPA statutory scheme, the only reasonable interpretation of the words "has been committed" is that the individual is currently subject to a commitment.

Additionally, Rigby's interpretation of the words "has been committed" would render section 6608 null and void. An individual who had been committed at some time in the past, but who is not currently committed, would not need to petition for conditional release.

We now turn to the trial court's conclusion Rigby was "de facto" committed. It is unclear from the minute orders in cases Nos. M-9719, M-10354, and M-11042, whether the trial court based its finding of a "de facto" commitment on the third commitment that expired in 2004, the unadjudicated fourth and fifth petitions from 2004 and 2006, or on all three petitions together. Regardless of which case or cases the trial court relied upon, conditional release cannot be justified where one case has been completely terminated and the others have yet to be adjudicated.

The trial court found that "for all practical purposes, [Rigby] is under a de facto commitment" as a result of the numerous and lengthy delays in his case. The idea of a "de facto" commitment in SVP proceedings appears to have been introduced in *Litmon, supra,* 123 Cal.App.4th 1156. In *Litmon,* a recommitment petition had been filed prior to the expiration of the SVP's original two-year commitment. Proceedings on the recommitment petition were delayed, and without the benefit of a trial, the anticipated two-year term on the first recommitment petition was set to expire when a second recommitment petition was filed. Although the SVP had announced ready for trial on the first recommitment petition and had objected to any further continuances, the trial court delayed trial on the first recommitment petition to consolidate the petition with the second recommitment petition. The *Litmon* court stated that given the absence of statutory time limits within which an SVP commitment trial must be conducted, and the two-year limitation of an extended petition, "[d]elays approaching or even exceeding the two-year mark inevitably result in the de facto commitment of persons as SVP's for the entire period, albeit without benefit of a verdict reflecting that the person's current mental condition warrants his or her commitment. No one disputes that this is an undesirable result." (*Id.* at p. 1170.) The *Litmon* court held that although the trial court has the authority to consolidate cases "because the SVPA evidences a legislative intent to provide a trial on every filed recommitment petition as close in time to the expiration of the prior commitment as practicable, it is error to order consolidation over objection when a consolidated trial can occur *only* if the earlier petition is further delayed." (*Id.* at pp. 1175–1176.)

The primary difference between *Litmon* and the present case is that in *Litmon,* the SVP announced ready for trial and the trial court delayed trial on the first recommitment petition to consolidate the petition with the second recommitment petition. Rigby does not claim the trial court deprived him of a

timely adjudication of the pending petitions and there is nothing in the record to suggest the court or the District Attorney was responsible for the lengthy delay in the proceedings. When asked bluntly by the trial court whose fault it was that the case had taken so long, counsel stated she had only been Rigby's counsel for six months. She explained part of the delay was because clients tried to put themselves into the best possible position, and once the indeterminate term was enacted, clients were reluctant to proceed to trial until they thought they were ready to get the verdict they needed. According to counsel, Rigby is "not unique," and she explained his petition "is actually not very old in the grand scheme of the other 18 clients . . . . [¶] I have petitions significantly older than . . . Rigby's and on clients who have never been committed at all." Counsel explained Rigby wanted to finish treatment before proceeding in front of a jury. And at oral argument counsel candidly admitted she was reluctant to proceed on the pending petitions because of a degree of uncertainty as to full import of the 2006 amendment to section 6604 establishing all future commitments to be indeterminate terms.

With the exception of the period from March 2009 to September 2009, when this court issued a peremptory writ of mandate and ordered the trial court to conduct a *Marsden*[3] hearing after Rigby filed a petition for writ of habeas corpus on his own behalf, the pending fourth and fifth recommitment petitions have been the subject of numerous unexplained continuances.[4] Although section 6601.5 states that absent a showing of good cause the probable cause hearing shall take place within 10 days of the court's prima facie review in section 6601.5, we found no instances of good cause recorded in the minute orders in the superior court file justifying the continuances in case No. M-10354 from November 2004 to 2010, and arguably two instances of good cause due to the unavailability of an evaluator between 2006 and 2010 in case No. M-11042.

On appeal, Rigby does not claim his "de facto" commitment is a result of the extensive delay in the recommitment proceedings. Rather, he relies on the trial court's finding that for purposes of confinement, care, and treatment, both the District Attorney and the DMH have considered Rigby "committed" as evidenced by their actions. Admittedly, Rigby remains confined some six years after his last commitment expired, but it is not the actions of the District Attorney, the court, or the DMH that has extended the delay between the expiration of Rigby's last commitment and the adjudication of the pending petitions. In November 2004, the court found the fourth petition stated or contained prima facie evidence to believe Rigby is likely to engage

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

[4] On the court's own motion and for good cause, we take judicial notice of this court's unpublished opinion in *In re Rigby* (Sept. 17, 2009, G041769) and the superior court files in M-10354 and M-11042. (Evid. Code, §§ 459, 452.)

in sexually violent predatory criminal behavior upon his release, and ordered him detained pending the probable cause hearing. As explained above, Rigby has strategically delayed the probable cause hearing. Accordingly, the trial court's statement in the minute orders declaring a "de facto" commitment based on principles of due process and fundamental fairness is misplaced on this record.

If the trial court's finding of "de facto" commitment is based on the 2003 commitment, Rigby contends the court's ruling is correct. Citing *Orozco v. Superior Court* (2004) 117 Cal.App.4th 170 [11 Cal.Rptr.3d 573] (*Orozco*), Rigby reasons that as long as the recommitment petition is filed prior to the expiration of the current commitment, the trial court's jurisdiction remains intact and the expired case can serve as the basis for allowing Rigby to petition for conditional release.

We find *Orozco, supra*, 117 Cal.App.4th 170, inapt. The issue before the court in *Orozco* was whether the recommitment trial had to be completed before the previous commitment expired. Relying on *People v. Superior Court (Ramirez)* (1999) 70 Cal.App.4th 1384 [83 Cal.Rptr.2d 402], *Orozco* explained there is no jurisdictional requirement a recommitment order be obtained before the expiration of the prior term. (*Orozco, supra*, 117 Cal.App.4th at p. 179.) The only requirement for the trial court to retain jurisdiction to proceed on the recommitment petition is that the petition to extend the SVP's commitment be filed before the expiration of the current commitment. (*People v. Whaley* (2008) 160 Cal.App.4th 779, 804 [73 Cal.Rptr.3d 133].)

Prior to the 2006 amendment to sections 6604 and 6604.1, the statute made clear any term of commitment was limited to two years, and thereafter, the commitment terminates. (§§ 6604, 6604.1.) Failure to file a recommitment petition prior to the expiration of the prior commitment divests the court of jurisdiction over the SVP. (*Litmon, supra*, 123 Cal.App.4th at p. 1171; cf. *People v. Allen* (2007) 42 Cal.4th 91, 94–95 [64 Cal.Rptr.3d 124, 164 P.3d 557].) Case law is clear that once the previous commitment terminates, the recommitment petition represents a new and independent proceeding. An SVP extension hearing is not a continuation of an earlier proceeding. Except in a limited sense, the petitioner seeking recommitment cannot rely on findings made at earlier SVP hearings to prove SVP status in the current proceeding. (*People v. Munoz* (2005) 129 Cal.App.4th 421, 429 [28 Cal.Rptr.3d 295].) Thus, Rigby's reliance on *Orozco* is misplaced.

Finally, we address Rigby's suggestion that to not allow him to petition for conditional release amounts to an equal protection violation. Rigby correctly notes that on November 8, 2006, Proposition 83, entitled "The Sexual

Predator Punishment and Control Act: Jessica's Law" took effect. Proposition 83 eliminated the two-year commitment and replaced it with an indefinite commitment. He argues that because he has been confined for the last 10 years, under the new law he is no different than a person committed for an indeterminate term. Accordingly, to treat him differently would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the California equivalent. Again, we disagree.

■ " ' "The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." ' [Citation.] 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*Cooley v. Superior Court, supra,* 29 Cal.4th at p. 253, original italics.)

If the trial court's finding Rigby is under a "de facto" commitment is not based on the expired petition, but on the fourth and fifth petitions that have yet to be adjudicated, Rigby disputes the court's finding of commitment. Rigby is adamant he does not argue his right to petition for conditional release is based on a commitment of the unadjudicated petitions. Yet, Rigby contends he is similarly situated to a person committed under an indeterminate commitment. As the District Attorney argued at the motion for reconsideration, "[Rigby] can admit his petition and have his conditional release hearing as soon as he wants. . . . Rigby specifically does not want to admit the petition. He doesn't want to have those constraints. He wants to have his cake and eat it, too."

Before an indeterminate commitment can be imposed, a determination must be made as to a current diagnosable mental illness that requires treatment. In Rigby's case, there is no current diagnosis or determination he has a mental illness that requires treatment. Any commitment without a probable cause hearing and jury trial, or a waiver of those rights, would be contrary to law. The statutory scheme specifically requires a probable cause hearing and trial be conducted at which Rigby has a right to a jury and a unanimous verdict beyond a reasonable doubt. (§§ 6602, subd. (a), 6603, subds. (a), (b) & (f), 6604.) We do not find Rigby similarly situated to a person under an indeterminate commitment. Accordingly, we discern no equal protection violation.

## DISPOSITION

For the forgoing reasons, the petition for a writ of prohibition is Granted. Let a peremptory writ of prohibition issue restraining the trial court from taking any further action on the petition for conditional release filed on

January 27, 2010. The trial court is ordered to conduct the probable cause hearing in cases Nos. M-10354 and M-11042. The stay previously issued having served its purpose is dissolved. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith. (Cal. Rules of Court, rule 8.264.)

Rylaarsdam, Acting P. J., and Aronson, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 17, 2011, S193627.