[No. G044359. Fourth Dist., Div. Three. Aug. 30, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
NATHANIEL SIDNEY LANDAU, Defendant and Appellant.

**COUNSEL**

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Bradley A. Weinreb and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOORE, J.**—Appellant Nathaniel Sidney Landau was committed for an indefinite term to a state hospital on April 24, 2009, after having been found to be a sexually violent predator (SVP). (Welf. & Inst. Code, § 6604; further undesignated statutory references are to this code.) Appellant's annual examination (§ 6605, subd. (a)) resulted in a report wherein the evaluator concluded that while appellant remains a pedophile, he no longer poses a danger, and it is in his best interest to be treated in a less restrictive setting. The director of the Coalinga State Hospital disagreed with the recommendation and informed the court in a one-page letter filed with the annual report. Appellant then filed a petition for his unconditional release. (See §§ 6605, 6608.) The superior court judge who presided over appellant's SVP trial found the petition was not authorized under section 6605 and was filed pursuant to section 6608. The court then denied the petition as frivolous. We find the petition should have been considered as having been filed under section 6605. Accordingly, we reverse and remand the matter to the superior court to proceed as if the petition was filed pursuant to section 6605 and to conduct a probable cause hearing pursuant to subdivision (b) of that section.

I

FACTS

Appellant is confined to the Coalinga State Hospital where he was committed after having been found to be an SVP. The annual mental examination prepared by Samantha Smithstein, a psychologist, and filed with the court on August 3, 2010, pursuant to section 6605, subdivision (a), concluded that based upon appellant's "age and health, [he] no longer remains a danger to the health and safety of others in that he is not likely to engage in sexually violent predatory criminal behavior in the future" and that "[t]he best interest of [appellant] and adequate protection for the community can be adequately addressed in a less restrictive treatment setting at this time." As noted above, the medical director of the state hospital disagreed.

On August 16, 2010, appellant filed in the superior court a petition for unconditional discharge, relying upon sections 6605 and 6608. A copy of Dr. Smithstein's report was attached to the petition. Appellant maintained the petition should be considered as filed under section 6605, even though a condition precedent to the filing of a petition under that section— authorization of the director to file the petition (§ 6605, subd. (b))—was missing because the medical director has never recommended anyone for release under section 6605.

The People filed an opposition to the petition. One of the attachments to the opposition was Dr. Mark Miculian's December 31, 2006 report of his clinical evaluation of appellant. Dr. Miculian found appellant was an SVP and posed "a serious and well-founded risk to commit sexually violent criminal behavior [and] is likely to commit sexually violent predatory criminal behavior."

On October 1, 2010, the court notified appellant's counsel that appellant had not informed the State Department of Mental Health (DMH) he was seeking an unconditional release as required by section 6608 and stated it would not act on the petition until such time as appellant complied with the notice requirement. Appellant filed a proof of service showing compliance three days later.

The court subsequently issued a written ruling denying the petition on October 13, 2010. The court found the petition was not filed pursuant to section 6605 because the Director of DMH did not authorize the filing of the petition, rejecting appellant's argument that section 6605 procedures should be applied notwithstanding the lack of authorization from the director because the director abused his discretion in not authorizing appellant's petition. The court took judicial notice of all proceedings in the case that resulted in appellant's commitment as an SVP,[1] including the reporter's transcript of the trial proceedings, and found the petition was frivolous under section 6608, the section that applies when the director has not authorized the petition.

II

DISCUSSION

■ A person is considered an SVP under the Sexually Violent Predator Act (§ 6600 et seq.; SVPA), if the person has been convicted of a "sexually violent offense against one or more victims and . . . has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a)(1).) Once found to be an SVP, the person is committed to the DMH for an indeterminate term for treatment. (§§ 6604, 6604.1, subd. (a).) Thereafter, the DMH is to evaluate the individual's mental condition at least once a year. The evaluation includes consideration of whether the person continues to meet the definition of an SVP and "whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community." (§ 6605, subd. (a).)

---

[1] We granted appellant's request to take judicial notice of the proceedings in case No. M9094, the subject of his appeal in *People v. Landau* (G042008).

■ When the DMH determines the person no longer qualifies as an SVP or conditional release is in the person's best interest and conditions can be imposed to adequately protect the community, the "director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge." (§ 6605, subd. (b).) The evaluator in this case concluded that although appellant remains a pedophile, he is no longer likely to engage in sexually violent criminal behavior and, as a result, adequate protection for the community can be addressed in a less restrictive treatment setting. The director of the state hospital informed the court that he did "not concur with the evaluator" and did not believe appellant to be an appropriate candidate for treatment in an outpatient setting. As a result, the director did not authorize appellant to file a petition in the superior court. ■ Still, section 6608 authorizes an SVP to petition for an unconditional release or a conditional release "without the recommendation or concurrence of the Director of [DMH]." (§ 6608, subd. (a).)

Whether a petition is filed under section 6605 or section 6608 makes a difference. When a petition authorized by the Director of DMH is filed, the court must set the matter for an order to show cause hearing. (§ 6605, subd. (b).) If probable cause is found, the patient thereafter has a right to a jury trial and is entitled to relief unless the district attorney proves "beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent behavior if discharged." (§ 6605, subd. (d).)

■ If the petition is not authorized by the director and is filed under section 6608, the court reviews the petition to determine if it is based upon frivolous grounds. If found to be frivolous, the petition must be denied without a hearing. (§ 6608, subd. (a).) A nonfrivolous petition is set for a hearing to determine whether the patient "would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (d).) However, unlike the hearing held under section 6605, the patient in a section 6608 proceeding must bear the burden of proving by a preponderance of the evidence that he or she is not likely to engage in sexually violent criminal behavior. (§ 6608, subd. (i).)

■ Appellant forcefully argues that as the yearly evaluation resulted in the conclusion he no longer qualifies as an SVP, the Director of DMH was required to authorize him to file a petition under section 6605 and the court should have treated his petition as having been filed under that section. We agree.

■ Subdivision (a) of section 6605 requires a yearly examination of the mental condition of the person committed as an SVP to determine whether the person "currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community." The report must be prepared by a professionally qualified person and in the form of a declaration. The DMH must then file the report with the court. (§ 6605, subd. (a).)

■ Subdivision (b) of section 6605 requires the Director of DMH to authorize the committed person to petition the court for release, "[i]f the [DMH] determines" that either of the conditions set forth in the above quoted portion of subdivision (a) is found to exist. Because the annual report concluded appellant no longer qualifies as an SVP, but the director did not authorize appellant to file a petition, the issue becomes the meaning of "if the [DMH] determines." If the language is read to mean that if the report concludes the person is no longer an SVP or may be safely released into the community the director must authorize the person to file a petition, appellant's petition should be treated as authorized, the director's failure to comply with the statutory directive notwithstanding. If the language is interpreted as meaning the *Director* of DMH makes the determination irrespective of the statutorily required report, then there was no error in the director's failure to authorize appellant to file a petition because the director did not agree with the conclusion reached in the annual report. As a matter of statutory interpretation, we find that in the event the annual report concludes the committed person no longer qualifies as an SVP or that conditional release is in the person's best interest and the community can be adequately protected by the imposition of conditions to the release, the director is required to authorize the person to file a petition with the court.

The purpose of the SVPA is to confine and treat those individuals who have been diagnosed with mental disorders that make them likely to engage in acts of sexual violence. (*People v. Dean* (2009) 174 Cal.App.4th 186, 191 [94 Cal.Rptr.3d 478].) "The SVPA was enacted to identify incarcerated individuals who suffer from mental disorders that predispose them to commit violent criminal sexual acts, and to confine and treat such individuals until it is determined they no longer present a threat to society. [Citation.]" (*People v. Allen* (2008) 44 Cal.4th 843, 857 [80 Cal.Rptr.3d 183, 187 P.3d 1018].) Identifying the individuals who should be confined and treated is accomplished by mental evaluations performed by professionals selected by DMH. (§ 6601, subds. (b), (c), (d) [mental health experts must be designated by DMH].) Identifying those individuals who have been committed but who no longer qualify as SVP's, or whose best interest require a conditional release

and the community can be adequately protected by the imposition of conditions on the release, is accomplished by providing yearly mental evaluations also performed by professionals selected by DMH. (§ 6605, subd. (a).)

In initiating SVP proceedings, the director forwards a request for the filing of a petition to commit the person as an SVP, if "the [DMH] determines that the person is [an SVP] . . . ." (§ 6601, subd. (h).) It is evident that DMH's determination that the person qualifies as an SVP equates to two evaluators having found the person qualifies as an SVP.

For those individuals committed to a two-year term of commitment prior to the amendments making the initial commitment indeterminate (former § 6604, as enacted by Stats. 1995, ch. 763, § 3, pp. 5922, 5925–5926), a recommitment petition for an additional two-year commitment could be filed prior to the expiration of the previous term. (*People v. Superior Court (Rigby)* (2011) 195 Cal.App.4th 857, 865 [124 Cal.Rptr.3d 744].) In order to extend a person's commitment, DMH followed the same procedure set forth in section 6601, i.e., the person was evaluated by two practicing psychiatrists or psychologists who had to agree the person continued to qualify as an SVP before a recommitment petition could be filed. (§ 6604.1, subd. (b).) Thus, the decision to extend was also tied to the conclusion of the two experts who agree the person is an SVP, at which point the DMH determines a recommitment petition should be filed.

By the same token, when section 6605, subdivision (b) requires the director to authorize the committed person to file a petition "[i]f the [DMH] determines" the person no longer qualifies as an SVP or conditional release is in his or her best interest and conditions can be imposed to adequately protect the community, it is apparent the same language again refers to the report prepared under the statutory scheme. "When the Legislature uses the same language . . . , we can infer the same result is intended." (*People v. McKay* (2002) 27 Cal.4th 601, 622 [117 Cal.Rptr.2d 236, 41 P.3d 59].) Therefore, we conclude as a matter of statutory construction that when section 6605, subdivision (b) requires the director to authorize a person committed as an SVP to file a petition for release when "the [DMH] determines" the person meets the criteria set forth in the statute, it means when the annual report of its evaluator concludes the person meets the criteria. Accordingly, the director of the hospital should have authorized appellant to file a petition for his release.

When an authorized petition is filed, the superior court is required to "order a show cause hearing at which the court can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney, or the committed person." (§ 6605, subd. (b).) It is thus

apparent the statute anticipates a paper review probable cause determination. "If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue." (§ 6605, subd. (c).)

In the present matter, the court permitted the district attorney to file an opposition to the petition. The opposition included the one-page letter from the medical director of the hospital stating he does not concur with the evaluator (although no reasons are set forth), a December 31, 2006 section 6600 evaluation of appellant by Mark Miculian, Ph.D., as well as Dr. Smithstein's annual report. Appellant filed a reply to the district attorney's opposition. Thereafter, on October 13, 2010, the court issued its written ruling denying the petition.

Although the court did not purport to rule on the petition as if it had been filed pursuant to section 6605 with the medical director's authorization, it denied the petition because it found it to be frivolous under section 6608. We cannot say the trial court's failure to treat the petition as having been authorized and filed under section 6605 was harmless. While the court denied the petition as frivolous, it did not provide the probable cause hearing anticipated by subdivision (b) of section 6605, where counsel is present and able to submit additional documentation and argue the merits of the petition.[2]

■ Lastly, we deny appellant's request to disqualify Judge Donahue from further proceedings. "The power of the appellate court to disqualify a judge under Code of Civil Procedure section 170.1, subdivision (c), should be exercised sparingly, and only if the interests of justice require it. [Citation.]" (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303 [4 Cal.Rptr.3d 883].) Appellant has not shown that the interests of justice require disqualification of Judge Donahue (Code Civ. Proc., § 170.1), the judge who presided over his SVP trial, from hearing further proceedings involving appellant and his status as an SVP.

---

[2] Appellant's claim that indeterminate commitments under the SVPA violate equal protection need not be addressed in this appeal as we remand the matter with directions to the superior court to treat the petition as if filed under section 6605, which places the burden of proof on the district attorney should appellant's petition demonstrate probable cause.

## III

## DISPOSITION

The judgment is reversed and the matter remanded. On remand, the superior court is to treat appellant's petition as if it was authorized by DMH, and set the matter for a show cause hearing as required by section 6605, subdivision (b).

Bedsworth, Acting P. J., and O'Leary, J., concurred.