[No. A132152. First Dist., Div. Three. Jan. 23, 2013.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JAMES SMITH, Defendant and Appellant.

[No. A135872. First Dist., Div. Three. Jan. 23, 2013.]

In re MICHAEL JAMES SMITH on Habeas Corpus.

COUNSEL

Lindy C. Hayes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, and Moona Nandi, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

POLLAK, J.—Before us is a consolidated appeal from the denial of Michael James Smith's petition for conditional release as a sexually violent predator (SVP) pursuant to the provisions of the Sexually Violent Predator Act (the Act) (Welf. & Inst. Code, § 6600 et seq.)[1] and Smith's petition for a writ of habeas corpus alleging that he received inadequate assistance of counsel because his appointed attorney requested relief under the wrong provision of the Act. The consolidated cases present, first, the question of whether under the amended provisions of the Act, an SVP may seek conditional release under the provisions of section 6605 as well as under the provisions of section 6608. We conclude that he may. Since both parties and the trial court proceeded on a contrary assumption, we then confront the task of disentangling these proceedings and determining an appropriate remedy. We conclude that, if intervening events have not rendered the matter academic, Smith is entitled to a new hearing under the procedures specified in section 6605.

### Basic Facts

Smith was previously found to be an SVP and committed for indeterminate treatment. The annual postcommitment examination report required by section 6605, subdivision (a), issued in July 2009, reported that in the opinion of the examining psychologist, "conditional release to a less restrictive alternative is in the best interest of Mr. Smith and supervised release would likely

---

[1] All future statutory references are to the Welfare and Institutions Code, unless otherwise noted.

constitute conditions to adequately protect the community." Smith thereupon filed a "Petition for Conditional Release under Code 6605, 6608." Under the view shared by counsel and the court that "the appropriate code section" for addressing a petition for conditional release is section 6608, the court scheduled a hearing to be conducted pursuant to the provisions of that section. Before the hearing occurred, Smith received and submitted to the court his 2010 evaluation report that indicated the psychologist then believed Smith was no longer an SVP and was entitled to unconditional release. Following an evidentiary hearing at which conflicting evidence was presented concerning Smith's mental condition, the court denied the petition, finding that Smith "has failed to carry his burden of proof by a preponderance of the evidence. The court determines that Mr. Smith would be a danger to the health and safety of others in that it is likely that he will engage in sexually violent criminal behavior due to his diagnosed mental disorder if under supervision and treatment in the community."

Smith argues on appeal that the trial court erred in not proceeding under section 6605 after the submission of the 2010 examination report. However, his ineffective-assistance-of-counsel claim raises the question of whether the 2009 report and Smith's initial petition referring to both sections 6605 and 6608 should have triggered proceedings under section 6605. To that question we turn first.

## Discussion

1. *Section 6605 now applies to petitions for both unconditional and conditional release.*

 As this court summarized in *People v. Superior Court (George)* (2008) 164 Cal.App.4th 183, 193 [78 Cal.Rptr.3d 711], "The SVPA was first enacted in 1995 (Stats. 1995, ch. 763, § 3, p. 5922) and has since been amended numerous times by the Legislature and by popular initiative. The measure is designed to accomplish the dual goals of protecting the public, by confining sexual offenders likely to reoffend, and providing treatment to those offenders. [Citations.] The statute 'allows for the involuntary commitment of certain convicted sex offenders, whose diagnosed mental disorders make them likely to reoffend if released at the end of their prison terms.' [Citation.] Those committed pursuant to the SVPA are to be treated 'not as criminals, but as sick persons.' (§ 6250) They are to receive treatment for their disorders and must be released when they no longer constitute a threat to society. (§§ 6606, 6607; [citation].)"

"The Act was 'designed to ensure that the committed person does not "remain confined any longer than he suffers from a mental abnormality

rendering him unable to control his dangerousness." ' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1186 [104 Cal.Rptr.3d 427, 223 P.3d 566].) Prior to amendments that were made to the Act in 2006, a person found to be an SVP was committed to the State Department of Mental Health for a period of two years at the expiration of which the individual was entitled to a new trial at which, in order to extend the commitment, the People were required to prove that the person remained an SVP. (Former § 6604; Stats. 2000, ch. 420, § 3, p. 3139.) The Act also required that the SVP "have a current examination of his or her mental condition made at least once every year" and that the SVP receive annual notice of the "right to petition the court for conditional release under Section 6608." (Former § 6605, subds. (a), (b); Stats. 1995, ch. 763, § 3, p. 5922.)

The Act specifies two different procedures, in sections 6605 and 6608, for determining whether the mental condition of a person committed as an SVP has improved sufficiently to entitle the person to either conditional release in a community-based facility or unconditional release. The procedures specified in section 6605 are triggered by a petition based on a favorable report from the psychologist or psychiatrist performing the mandatory annual examination of the mental condition of the committed person.[2] Upon receiving such a petition, the court is required to conduct a hearing to determine if probable cause exists to believe the person is entitled to the recommended relief and, if there is probable cause, to schedule a hearing at which the committed person is entitled to all of the constitutional protections that were afforded at the initial commitment proceeding, including the appointment of counsel and the right to a jury trial, and the burden of proof is placed on the state to prove beyond a reasonable doubt that the committed person's mental condition continues to meet the criteria of an SVP. As the section read before the 2006 amendments, it applied solely to the determination of whether the person remained an SVP; section 6605 provided an avenue for obtaining unconditional release while section 6608 provided the procedure for obtaining conditional release. (Stats. 1995, ch. 763, § 3, p. 5922; see *People v. Cheek* (2001) 25 Cal.4th 894, 898 [108 Cal.Rptr.2d 181, 24 P.3d 1204].) Section 6608 authorizes the committed person, after confinement and care for not less than one year, to apply for conditional release to a facility providing supervision

---

[2] As the statute reads, the director is required to authorize the committed person to petition the court if the State Department of State Hospitals makes the necessary determinations. In *People v. Landau* (2011) 199 Cal.App.4th 31, 38–39 [130 Cal.Rptr.3d 683], the court held that "in the event the annual report concludes the committed person no longer qualifies as an SVP or that conditional release is in the person's best interest and the community can be adequately protected by the imposition of conditions to the release, the director [of the State Department of State Hospitals] is required to authorize the person to file a petition with the court." Thus, the court is required to proceed with a probable cause hearing under section 6605 when the committed person petitions for a hearing based on the favorable annual evaluation of the appointed psychologist with which the director disagrees.

and treatment in the community "without the recommendation or concurrence of the Director of State Hospitals." (§ 6608, subd. (a).)[3] Section 6608 permits the court to deny the petition without a hearing if found to be frivolous (*ibid.*) or to conduct an evidentiary hearing before the court at which the committed person bears the burden of proof. (§ 6608, subds. (d), (i).) Without a favorable evaluation, "unlike the hearing held under section 6605, the patient in a section 6608 proceeding must bear the burden of proving by a preponderance of the evidence that he or she is not likely to engage in sexually violent criminal behavior." (*People v. Landau, supra,* 199 Cal.App.4th at p. 37.)

In 2006, the Act was amended both by the Legislature and by initiative to change the term of commitment from two years to an indeterminate term. (§§ 6604, 6604.1; Prop. 83, as approved by voters, Gen. Elec. (Nov. 7, 2006) (Proposition 83); Stats. 2006, ch. 337, § 55, p. 2665.) At the same time, retaining the requirement that the SVP be reevaluated annually, the initiative added to section 6605, subdivision (a) the requirement that the annual report of the SVP's mental condition "include consideration of whether the committed person currently meets the definition of a sexually violent predator *and whether conditional release to a less restrictive alternative* or unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community." (Prop. 83, some italics omitted.) Subdivision (b) of section 6605 was modified by the initiative to provide: "If the Department of Mental Health determines that either: (1) the person's condition has so changed that the person no longer meets the definition of [an SVP], or (2) *conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community,* the director shall authorize the person to petition the court for *conditional release to a less restrictive alternative* or for an unconditional discharge." (Some italics omitted; see *People v. McKee, supra,* 47 Cal.4th at p. 1187; *People v. Taylor* (2009) 174 Cal.App.4th 920, 931 [94 Cal.Rptr.3d 756].)[4] And section 6608, subdivision (a) was amended to permit the filing of

---

[3] As section 6608 read before the 2006 amendments, the committed person was authorized to petition the court for "conditional release *and subsequent unconditional discharge*" at the end of one year, following an additional judicial hearing. (Former § 6608, subd. (a), italics added; Stats. 1995, ch. 763, § 3, p. 5922.)

[4] As amended in 2006, 2009 and 2012, section 6605 now reads in its entirety as follows: "(a) A person found to be a sexually violent predator and committed to the custody of the State Department of State Hospitals shall have a current examination of his or her mental condition made at least once every year. The annual report shall include consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community. The State Department of State Hospitals shall file this periodic report with the court that committed the person under this article. The report shall be in the form of a declaration and shall be prepared by a professionally qualified person. A copy of the report

a petition, without the director's approval, seeking "conditional release or an unconditional discharge."[5] (Prop. 83, italics omitted.)

---

shall be served on the prosecuting agency involved in the initial commitment and upon the committed person. The person may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person. [¶] (b) If the State Department of State Hospitals determines that either: (1) the person's condition has so changed that the person no longer meets the definition of a sexually violent predator, or (2) conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community, the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge. The petition shall be filed with the court and served upon the prosecuting agency responsible for the initial commitment. The court, upon receipt of the petition for conditional release to a less restrictive alternative or unconditional discharge, shall order a show cause hearing at which the court can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney, or the committed person. [¶] (c) If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue. [¶] (d) At the hearing, the committed person shall have the right to be present and shall be entitled to the benefit of all constitutional protections that were afforded to him or her at the initial commitment proceeding. The attorney designated by the county pursuant to subdivision (i) of Section 6601 shall represent the state and shall have the right to demand a jury trial and to have the committed person evaluated by experts chosen by the state. The committed person also shall have the right to demand a jury trial and to have experts evaluate him or her on his or her behalf. The court shall appoint an expert if the person is indigent and requests an appointment. The burden of proof at the hearing shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged. Where the person's failure to participate in or complete treatment is relied upon as proof that the person's condition has not changed, and there is evidence to support that reliance, the jury shall be instructed substantially as follows: [¶] 'The committed person's failure to participate in or complete the State Department of State Hospitals Sex Offender Commitment Program (SOCP) are facts that, if proved, may be considered as evidence that the committed person's condition has not changed. The weight to be given that evidence is a matter for the jury to determine.' [¶] (e) If the court or jury rules against the committed person at the hearing conducted pursuant to subdivision (d), the term of commitment of the person shall run for an indeterminate period from the date of this ruling. If the court or jury rules for the committed person, he or she shall be unconditionally released and unconditionally discharged. [¶] (f) In the event that the State Department of State Hospitals has reason to believe that a person committed to it as a sexually violent predator is no longer a sexually violent predator, it shall seek judicial review of the person's commitment pursuant to the procedures set forth in Section 7250 in the superior court from which the commitment was made. If the superior court determines that the person is no longer a sexually violent predator, he or she shall be unconditionally released and unconditionally discharged."

[5] The first sentence of section 6608, subdivision (a) now reads: "Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of State Hospitals."

The changes made by the initiative created a significant ambiguity. As just indicated, section 6605, subdivision (a) was changed to explicitly require the annual evaluation to consider the committed person's suitability for conditional release and subdivision (b), as amended, explicitly requires the State Department of State Hospitals to authorize the SVP to petition the court for conditional release to a less restrictive alternative if it determines that would be in the person's best interests and adequate protective conditions can be imposed. Subdivision (b) was revised to provide that "[t]he court, upon receipt of the *petition for conditional release to a less restrictive alternative* or unconditional discharge, shall order a show cause hearing at which the court can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney, or the committed person." (Italics added.) However, the initiative made no changes in subdivisions (c), (d) or (e) of section 6605. These are the provisions that specify that if probable cause is found to exist, the court must set a hearing at which the committed person is entitled to the appointment of counsel and the right to a jury trial, the burden of proof is on the state, and the person is entitled to release if the jury finds in his or her favor. These subdivisions refer explicitly only to determining whether the person remains an SVP or is entitled to unconditional discharge; they contain no explicit reference to conditional release.

To reconcile the inconsistency, either the language concerning conditional release in subdivisions (a) and (b) of section 6605 must be disregarded or corresponding provisions must be inferred in subdivisions (c), (d) and (e). The Attorney General urges the court to adopt the first alternative, contending that the language added to section 6605, subdivisions (a) and (b) should be viewed as "merely a drafting oversight." Leaving section 6605, with its right to a jury trial and burden of proof on the state, as the exclusive procedure for obtaining unconditional release and section 6608, with no right to a jury and the burden of proof placed on the committed person, as the exclusive procedure for obtaining conditional release, the Attorney General argues, "would do the least amount of violence to the overall statutory scheme." We cannot agree.

■ " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so

as to effectuate the electorate's intent.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900–901 [135 Cal.Rptr.2d 30, 69 P.3d 951].)

The clear intent underlying the portion of Proposition 83 dealing with the Act was to make commitments indeterminate, thereby eliminating the necessity of a new trial every two years to redetermine the need for continued confinement, but in removing this protection for the committed person, to ensure that there is an expedient means for those whose mental condition has improved to obtain either conditional or unconditional release from confinement in a locked facility. Civil commitment is constitutional, but only "so long as it is accompanied by the appropriate constitutional protections." (*People v. McKee, supra,* 47 Cal.4th at p. 1188.) The official voter pamphlet for the 2006 election summarized the measure as follows: "Changes current two-year involuntary civil commitment for a sexually violent predator to an indeterminate commitment, subject to annual review by the Director of Mental Health and subsequent ability of sexually violent predator to petition court for sexually violent predator's *conditional release* or unconditional discharge." (Voter Information Guide, Gen. Elec. (Nov. 7, 2006) official title and summary of Prop. 83, p. 42, italics added.) The legislative analysis in the voter pamphlet acknowledged that "[t]he measure also changes the standard for release of SVPs from a state mental hospital" in that it "specifically requires [the State Department of State Hospitals], as part of this annual review, to examine whether a person being held in a state hospital as an SVP still meets the definition of an SVP, whether release is in the best interest of the person, *and whether conditions could be imposed at [the] time of release that would adequately protect the community*." (*Id.* at p. 44, italics added.) The findings and declarations within the Act itself provide: "[T]his act allows California to protect the civil rights of those persons committed as a sexually violent predator while at the same time protect society and the system from unnecessary or frivolous jury trial actions where there is no competent evidence to suggest a change in the committed person." (Voter Information Guide, text of Prop. 83 at p. 127; Prop. 83, § 2, subd. (k).)

While it is plausible that in drafting Proposition 83 its authors overlooked the need to modify subdivisions (c), (d) and (e) of section 6605 to conform to the additions made to subdivisions (a) and (b), it defies common sense and the normal canons of construction to assume that the additions to subdivisions (a) and (b) were made inadvertently and may be ignored. The language added to these subdivisions explicitly requires the SVP's annual evaluation to consider whether conditional release to a less restrictive alternative is in the best interest of the committed person and subdivision (b) explicitly authorizes a petition "for conditional release to a less restrictive alternative." Courts are to assume that when a law is amended or a new law is enacted the purpose is to change existing law. (See *In re Lance W.* (1985) 37 Cal.3d 873, 887 [210 Cal.Rptr. 631, 694 P.2d 744].) "An interpretation that

renders statutory language a nullity is obviously to be avoided." (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 357 [19 Cal.Rptr.2d 882, 852 P.2d 377].)

■ Inferring that provisions corresponding to the additions made to section 6605, subdivisions (a) and (b) were intended to be read into subdivisions (c), (d) and (e) will neither do violence to the overall statutory scheme nor present practical difficulties, as the Attorney General suggests. Subdivision (c) must simply be deemed to read: "If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged or *if confined in a state-operated forensic conditional release facility* . . . ." (Cf. *People v. Superior Court (George), supra,* 164 Cal.App.4th at p. 198.) This italicized clause must also be read into the fifth sentence of subdivision (d), following the words "if discharged," and the clause "*or confined in a state-operated forensic conditional release facility*" deemed added to the end of subdivision (e). Drawing such an inference to avoid difficult constitutional issues previously has been employed by our Supreme Court in construing the Act. (*People v. McKee, supra,* 47 Cal.4th at pp. 1191–1193 [inferring right to appointment of an expert in proceedings under § 6608].)

Thus, in short, as the result of the 2006 amendments, if the mental condition of a committed person is found at the annual psychological evaluation to have improved to the point that the person can be unconditionally discharged or conditionally released to a community-based program without endangering the public, and if the person petitions for the recommended relief and probable cause is shown, the state bears the burden of disproving the conclusion of the examiner in a trial at which the individual has the right to demand a jury. (§ 6605.) If, on the other hand, the committed person seeks release from a locked facility either conditionally or unconditionally without the favorable recommendation of the examiner, that person bears the burden of proving entitlement to the relief and no jury is required. (§ 6608.)[6] In either case, the committed person is seeking a lesser form of restraint; the significant factor in determining which procedure applies is whether the reduced form of custody has or has not been recommended by the examining psychologist or psychiatrist. There is no apparent reason why the form of the proceedings should differ depending on whether the committed person is seeking conditional or unconditional release. If the petition is to

---

[6] Section 6607 also authorizes the Director of State Hospitals to recommend conditional release under section 6608 but contains no requirement that the recommendation be preceded by a favorable report from the examining psychologist or psychiatrist. As reflected by the circumstances in *People v. Landau, supra,* 199 Cal.App.4th 31, the opinion of the psychologist or psychiatrist may well differ from the recommendation of the director. (See fn. 2, *ante.*)

be tried to a jury under section 6605, the precise instructions given to the jury will have to be tailored to the form of relief the committed person is seeking, but drafting the appropriate instruction is hardly an unusual task and can be readily accomplished. (See, e.g., *People v. Superior Court (George), supra,* 164 Cal.App.4th at pp. 194–195, 198.)

Thus, we conclude that in 2009 when Smith filed his petition for conditional release supported by the recommendation of his examining psychologist, the court should have proceeded to consider the petition under section 6605 rather than section 6608. The difference was plainly significant. There is in the record no reason to doubt that there was probable cause to support the petition. Therefore, the consequence of proceeding under section 6608 was not only to deny Smith his right to a jury trial, but to transfer from the state the burden of proving beyond a reasonable doubt the need for locked confinement, to Smith to prove his right to relief by a preponderance of the evidence. Given the conflict in the evidence, it is questionable whether the outcome of the proceedings would have been the same had the proper procedure been followed.

2. *Smith's counsel provided ineffective assistance in failing to request a hearing pursuant to section 6605.*

To determine whether the failure to proceed under section 6605 constituted judicial error, counsel's error, or neither, it is necessary to set out the procedural history of this matter in greater detail. Smith was found to be an SVP following a court trial in 2008 and was committed to Coalinga State Hospital for treatment for an indeterminate term. He underwent an annual postcommitment examination on July 22, 2009. The examining psychologist concluded in his report, "[I]t is the opinion of this evaluator that Mr. Smith's mental conditions <u>HAS NOT</u> changed such that he no longer meets the definition of a Sexually Violent Predator. However . . . conditional release to a less restrictive alternative is in the best interest of Mr. Smith and supervised release would likely constitute conditions to adequately protect the community."

On November 24, 2009, Smith filed a petition for a writ of habeas corpus on a Judicial Council form on which he handwrote, "This is my Petition for Co[n]ditional Release under Code 6605, 6608." Shortly thereafter a copy of the favorable psychological report was submitted to the court. The superior court initially treated the petition as having been filed pursuant to section 6605, subdivision (b) and set a show cause hearing. The district attorney filed a motion to continue the hearing and in a supporting declaration wrote, "[F]urther research by respondent has revealed that a 'show cause hearing' is only procedurally required for proceedings under Welfare and Institutions

Code section 6605, and there is no 'show cause hearing' procedure under Welfare and Institutions Code section 6608. Counsel for both parties had relied upon our understanding that the February 26, 2010 hearing would proceed as a submission on reports to the court, since it was merely a 'show cause' hearing for the court to determine probable cause for full evidentiary hearing. Petitioner is actually proceeding under Welfare and Institutions Code section 6608 with completely different procedural legal standards." Following an in-chambers discussion with counsel on February 26, 2010, the deputy district attorney placed this statement on the record: "I believe that we're properly before the court under Welfare and Institutions Code section 6608 and that petitioner, Mr. Smith, did file a petition with the court citing Welfare and Institutions Code section 6608 following the 6605 annual report. And there was some confusion earlier about which section we would be proceeding under, but I think given that this is a petition for conditional release, that is the appropriate code section and that there's no need then for a show of cause hearing as had been ordered for today's date." Defense counsel and the court concurred and the court set the matter for a court trial under section 6608. Subsequently the attorneys signed a stipulation agreeing that the court should order a current report on Smith's mental condition from the director of Coalinga State Hospital pursuant to section 6608, subdivision (j), and the court did order and receive such a report. On May 13, Smith's attorney filed a document captioned "Application for Outpatient Treatment (W&I 6608)," stating that the "petition is filed to comply with the court's ruling that the petition for writ of habeas corpus filed by Mr. Smith is actually a request under W&I Code section 6608," attaching a copy of the July 2009 evaluation report, and confirming the hearing date of July 8, 2010. The hearing did commence on July 8 but after one witness testified, the judge discovered he had previously been disqualified. The parties agreed to continue the case before another judge (who they agreed could read the testimony of the witness who had already testified), and the hearing did not resume until March 14, 2011.

In the interim, on August 27, 2010, the medical director of Coalinga State Hospital filed with the court the report of Smith's subsequent annual examination. Although the director's cover letter stated that the director did not concur with the evaluator and that it was the director's "opinion that this is not an appropriate candidate for continued therapy in an out-patient setting," the psychologist's report opined that "Mr. Smith's mental condition <u>HAS</u> changed such that he no longer meets the definition of a Sexually Violent Predator."

The superior court proceeded with the court trial and heard additional testimony in March 2011. In a posttrial brief Smith's counsel argued that Smith was entitled to "release on outpatient status pursuant to Welfare and Institutions Code section 6608." On May 17, 2011, the court issued a lengthy

written opinion analyzing the conflicting evidence that had been received and denying the petition based on its finding that "Petitioner has failed to carry his burden of proof by a preponderance of the evidence" and that "Mr. Smith would be a danger to the health and safety of others in that it is likely that he will engage in sexually violent criminal behavior due to his diagnosed mental disorder if under supervision and treatment in the community."

Smith argues on appeal that when the court received the 2010 psychological report recommending his unconditional discharge, the court erred in not thereafter proceeding under section 6605. We agree with the Attorney General that the psychologist's report alone did not require the court to proceed under section 6605. The court is required to schedule a show cause hearing pursuant to section 6605, subdivision (b) only upon receipt of a petition from the committed person and no petition was filed on Smith's behalf requesting a hearing under section 6605 based on the 2010 evaluation. Smith suggests that the handwritten petition that he originally filed in 2009 "under Code 6605, 6608" was sufficient, but with the agreement of his attorney that petition was deemed to seek relief under section 6608. Moreover, the handwritten petition was superseded by the application filed by his attorney in May 2010 explicitly seeking relief under section 6608. Even if the court bears some responsibility for proceeding under the wrong provision, certainly the doctrine of invited error applies. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 389, p. 447.)

Both in his reply brief on appeal and in his petition for habeas corpus, Smith asserts that he received ineffective assistance from his attorneys who failed to demand a hearing on his petition pursuant to section 6605.[7] We must agree with this contention. As indicated by the history of these proceedings detailed above, Smith's attorneys agreed with the district attorney from the outset that Smith's petition should be considered under section 6608. Counsel accepted the view that section 6605 applies exclusively to petitions for unconditional release and section 6608 applies to petitions for conditional release, as was true before the 2006 amendments. However, as the amended language of both sections 6605 and 6608 makes clear, and as concluded above, that is simply not correct. Either form of relief may now be requested under either section. The critical distinction is whether the committed person's petition is based on the opinion and recommendation of the examining psychologist or psychiatrist. Thus, the 2010 evaluation certainly entitled Smith to file a petition under section 6605, and so too did the 2009 evaluation. The trial court correctly scheduled a show cause hearing under section 6605 based on Smith's handwritten petition, but counsel provided

---

[7] The Attorney General does not question that Smith was constitutionally entitled to the effective assistance of counsel in these proceedings. (See *Addington v. Texas* (1979) 441 U.S. 418, 425 [60 L.Ed.2d 323, 99 S.Ct. 1804].)

inadequate assistance in concurring in the transformation of the proceedings to a hearing under section 6608.

The Attorney General argues that counsel may have had a tactical reason for failing to seek relief under section 6605, pointing to one indication in the record, confirmed by a declaration submitted in support of the habeas corpus petition, that Smith felt that "it would be better for him if he was released on conditional release than to be released unconditionally to complete his period of parole" because "the support from those folks would be just beneficial to him." However, this argument rests on the mistaken premise that conditional relief could be obtained only under section 6608. Under the circumstances, there could be no acceptable tactical reason for failing to seek relief under section 6605 in preference to section 6608. Section 6605 alone provides a right to a jury trial. Even if counsel had tactical reasons for preferring to try the petition to the court rather than to a jury, there can be no satisfactory explanation for agreeing to shift from the state the heavy burden of proving Smith's SVP status beyond a reasonable doubt, to Smith to negate that claim by a preponderance of the evidence. Certainly the papers in opposition to the habeas corpus petition suggest no such explanation, and we can think of none. Thus, despite the absence of any authority clarifying the ambiguity created by the 2006 initiative and the concurrence of the district attorney and the court in the mistaken understanding of the changes made by the 2006 amendments, counsel's failure to at least recognize the issue and to urge the court to proceed under section 6605 was sufficiently deficient to satisfy the first prong of the claim for ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 104 S.Ct. 2052]; *In re Jones* (1996) 13 Cal.4th 552, 561–562 [54 Cal.Rptr.2d 52, 917 P.2d 1175]; *People v. McCary* (1985) 166 Cal.App.3d 1, 7–9 [212 Cal.Rptr. 114]; *People v. Zimmerman* (1980) 102 Cal.App.3d 647, 657–658 [161 Cal.Rptr. 669].) And, as indicated above, there is "a reasonable probability that, but for counsel's failings, the result would have been more favorable" to Smith. (*In re Jones, supra*, at p. 561.)[8]

---

[8] Given the legal issue on which this case turns, we deem it unnecessary to extend the opinion with a lengthy recitation of the conflicting evidence that precludes a determination that the outcome necessarily would be no different if tried under the correct standard. Suffice it to state that it was the opinion of Smith's expert that Smith no longer even qualified as an SVP and the People's experts agreed that Smith had made progress in treatment. The People's experts felt that Smith needed the benefits of the full in-custody program, which he had not yet completed, before being ready for release to a community-based program. As the trial court wrote in its opinion denying conditional release, "The evidence shows a profound disagreement between the testifying experts in this case regarding the importance of Phase II and the suitability of Mr. Smith's release even though he hasn't completed the 5-Phase program at Coalinga State Hospital." We cannot state with any degree of confidence what conclusion would have been reached if the trier of fact had been required to find that the People had proven its case beyond a reasonable doubt.

## Disposition

The judgment in No. CR149855 is reversed and the matter is remanded for further proceedings consistent with this opinion. The parties should be given leave to file supplemental pleadings to reflect current developments in Smith's treatment and status and the standards expressed herein.

McGuiness, P. J., and Siggins, J., concurred.