Filed 9/12/14

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE, | H039814 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 201555) |
| v. | |
| WILLIAM KARL OLSEN, | |
| Defendant and Appellant. | |


## I.  INTRODUCTION

Defendant William Karl Olsen was committed for an indeterminate term to the California Department of Mental Health (now, State Department of State Hospitals; hereafter the Department) after a jury determined defendant to be a sexually violent predator within the meaning of the Sexually Violent Predator Act (SVPA).  (Welf. & Inst. Code, § 6600 et seq.)[1]

Defendant appealed from the judgment, contending that the indeterminate term of commitment violated equal protection, due process, and the ex post facto and double jeopardy clauses.  This court reversed the judgment and remanded the matter to the trial court for the limited purpose of reconsidering defendant's equal protection argument in light of *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee I*) and the resolution of the

---

[1] All further statutory references are to the Welfare and Institutions Code unless stated otherwise.

proceedings on remand in that case.  (*People v. Olsen* (Sept. 11, 2012, H036654) [nonpub. opn.] (*Olsen*).)

After remand proceedings were concluded in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*), the trial court again ordered defendant committed to the Department for an indeterminate term under the SVPA.  Defendant appealed and this court affirmed the judgment.  (*People v. Olsen* (Nov. 26, 2013, H039298) [nonpub. opn.].)

In the present appeal, defendant challenges the trial court's June 21, 2013 order denying defendant's petition for conditional release under section 6608 as frivolous on the grounds that (1) the petition is not frivolous; and (2) summary denial of a section 6608 petition for conditional release violates the equal protection and due process clauses.  For reasons that we will explain, we will reverse the June 21, 2013 order and remand the matter to the trial court with directions to reconsider the issue of whether the petition for conditional release is based upon frivolous grounds within the meaning of section 6608, subdivision (a).

## II.  FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.  *Criminal Offenses*

"In 1972, Olsen used a handgun to abduct a 27-year-old woman in her car.  After a struggle, Olsen got out of the car and left.  There was no indication that a sexual offense had occurred and Olsen was convicted of 'grand theft of a person.'  He served a jail sentence and was placed on probation.

"The next incident took place in July 1973, when Olsen picked up two teenage girls, M. and T., who were hitchhiking.  After taking the girls to an isolated area where his truck got stuck in the dirt, Olsen had them stand on the truck bed to gain traction.  He

---

[2] On our own motion, we take judicial notice of our prior opinion in *Olsen* , *supra*, H036654.  Some portions of our summary of the factual and procedural background have been taken from our prior opinion.

2

then pushed T. down a 75-foot ravine and hogtied M. After finding T. and threatening her with a knife, Olsen saw that T. was bleeding profusely. He untied M. and together they brought T. back up to the truck. When the girls asked Olsen why he was doing this, he said he intended to rape them. Olsen did not rape the girls and instead took them home.

"In August 1973, Olsen picked up a[] 19-year-old hitchhiker, M.L., and took her to an isolated area. When Olsen took out a rope, M.L. pleaded with him not to tie her up. Olsen then ripped off M.L.'s blouse and M.L. said she would do what he wanted her to do. After placing M.L. on the truck bed and raping her, Olsen apologized. M.L. asked him to take her to the hospital because she recently had surgery following a miscarriage. Olsen took M.L. to the hospital and checked himself into the psychiatric unit next door.

"Olsen was incarcerated in 1974 and paroled in 1978. He was discharged from parole in 1979 and committed his next sexual offenses in 1980. C., a 16-year-old girl, was picked up by Olsen in January 1980 while she was hitchhiking and taken to Stevens Creek Dam. After arriving, Olsen, who had [a] knife, hit C. below the eye and tied her up with rope. Olsen then took C. to another location in the mountains. There, Olsen put a rope around C.'s neck and walked her up a trail to a desolate location, where he orally copulated C., sat on her, untied her, and forced her to orally copulate him. Olsen also sodomized C. and raped her. He then apologized and took C. home.

"The next incident occurred in June 1980 and involved S.P., age 19. Olsen picked S.P. up while she was hitchhiking. He put his knife to her throat and cut her slightly, and also orally copulated her. Next, Olsen took S.P. to an isolated area in the mountains, where he tied her hands behind her back with a belt. S.P. screamed in pain when Olsen put his fingers in her anus and then sodomized her. He also made derogatory sexual statements during the course of the sodomy.

"The last incident occurred on July 9, 1980, about one month after the incident involving S.P. K. was a 17-year-old beauty college student who met Olsen when he used

3

a pay phone after she used it during her lunch hour.  Later that day, Olsen called K. over to his car when she came out of the beauty college.  Olsen then pulled K. into his car by holding a knife to her throat.  Olsen had pictures of K. in his car and threatened to kill her.

"After getting K. into his car, Olsen tied a rope painfully tight around her neck and gagged her with a cloth and shoestrings.  Olsen then drove K. to an isolated area in the hills.  On the way, Olsen undressed K. and fondled her.  After arriving, Olsen tied K. to a log with ropes attached to her wrists, legs, and neck.  He then hit K. in the buttocks with a stick, causing bruises, and sodomized and raped her.  After finishing the assault, Olsen was pleasant and talkative with K.  He also showed her how to shoot his BB gun.  But when K. made the comment, 'well, everyone needs friends,' Olsen became very angry and violent.  He pushed K. down, sodomized her again, bit her neck, and hit her on the buttocks with his BB gun, breaking it.

"Following the 1980 offenses, Olsen pleaded guilty to the sodomy and oral copulation of C. and the sodomy and rape of K.  He has been in custody since 1980." (*Olsen*, *supra*, H036654 at pp. 3-5.)

**B.  *Commitment Proceedings Under the SVPA***

"On September 26, 2008, the People filed an amended petition to extend Olsen's commitment as a sexually violent predator under the SVPA.  The petition stated that on October 5, 2000, Olsen was committed as a sexually violent predator to [the Department] for two years, and since that date he 'has been consistently committed to a new term as a [s]exually [v]iolent [p]redator.'  [Fn. omitted.]  The People asserted that Olsen 'continues to meet the criteria for commitment as a sexually violent predator in that he continues to have a current diagnosed mental disorder that makes him a danger to the health and safety of others in that it is likely that he will engage in sexually violent criminal behavior in the future.'

4

"After a probable cause hearing was held, the trial court issued its July 2, 2010 order finding that there was probable cause to believe that (1) Olsen had been convicted of a qualifying sexually violent offense against at least one victim; (2) he has a diagnosable mental disorder; (3) the disorder makes it likely that he will engage in sexually violent criminal conduct if released; and (4) the sexually violent criminal conduct will be predatory in nature. Thereafter, the case proceeded to a jury trial." (*Olsen*, *supra*, H036654 at pp. 2-3.)

"On February 18, 2011, the jury rendered its verdict finding the petition alleging that Olsen was a sexually violent predator within the meaning of section 6600 to be true. On February 22, 2011, the trial court issued its order committing Olsen to the custody of [the Department] for an indeterminate term for appropriate treatment and confinement in a secure facility, pursuant to section 6604. The order further states that it is 'subject to a hearing consistent with [*McKee*, *supra*, 47 Cal.4th 1172].' " (*Olsen*, *supra*, H036654 at p. 12.)

On appeal from the February 2011 order, defendant argued, among other things, that the "indeterminate commitment under the SVPA violates his constitutional right to equal protection" and "the SVPA violates his due process rights and the ex post facto and double jeopardy clauses and the Eighth and Fourteenth Amendments of the federal constitution." (*Olsen*, *supra*, H036654 at p. 2.) This court reversed the judgment and remanded the case to the trial court "for the limited purpose of reconsidering [defendant's] equal protection argument in light of [*McKee I*], and the resolution of the proceedings on remand in that case (*id.* at pp. 1208-1211)." (*Olsen*, *supra*, H036654 at pp. 24-25.) This court further ordered the trial court to "suspend further proceedings in this case pending finality of the proceedings on remand in *McKee* [*I*]. 'Finality of the proceedings' shall include the finality of any subsequent appeal and any proceedings in the California Supreme Court." (*Id.* at p. 25.)

On January 25, 2013, after the California Supreme Court denied review of *McKee II*, the trial court again ordered defendant committed to the Department for an indeterminate term under the SVPA. Defendant appealed the order on the ground, among other things, that commitment for an indeterminate term violated the equal protection clause. This court affirmed the judgment. (*People v. Olsen*, *supra*, H039298 at p. 19.)

C. *Annual Report*

On February 11, 2013, the Department's medical director filed an annual report regarding defendant in superior court pursuant to former section 6605, subdivision (a). The version of section 6605, subdivision (a) in effect at the time of the 2013 annual report provided in pertinent part: "A person found to be a sexually violent predator and committed to the custody of the State Department of State Hospitals shall have a current examination of his or her mental condition made at least once every year. The annual report shall include consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community."

The 2013 annual report was prepared by senior psychologist supervisor S.J. Van de Putte, Ph.D. and dated January 23, 2013. Noting that defendant is a "transgendered male," Dr. Van de Putte stated that for purposes of the annual report, defendant would be "referred to by female pronouns." Dr. Van de Putte concluded that "Ms. Olsen's mental condition HAS NOT changed such that she no longer meets the definition of Sexually Violent Predator. As a result of a mental disorder, Ms. Olsen remains a danger to the health and safety of others in that she is likely to engage in sexually violent predatory criminal behavior in the future. The best interest of Ms. Olsen and adequate protection for the community cannot be assured in a less restrictive treatment setting at this time."

6

**D. *Section 6608 Petition for Conditional Release***

On May 24, 2013, defendant filed a petition for conditional release pursuant to section 6608. The version of section 6608, subdivision (a) in effect at that time provided in part: "Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of State Hospitals. . . . Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing."

In the petition for conditional release, defendant asserted that defendant's "condition has so changed that [defendant] will not be a danger to others due to [defendant's] previously diagnosed mental disorder if unconditionally discharged into the community." In support of the petition, defendant attached the April 15, 2013 "Recommitment Clinical Evaluation" prepared by psychologist James J. Park, Ph.D. Dr. Park concluded that defendant "is **NOT** likely to engage in sexually violent predatory criminal behavior as a result of a diagnosed mental disorder without appropriate treatment in custody. Her risk to the community is low at this time. . . . [¶] . . . [I]t is my professional opinion, based on objective, scientifically reliable data, that [defendant] **does not meet** criteria as a sexually violent predator as described in Section 6600 . . . ."

**E. *The People's Response***

On May 29, 2013, the People filed a response to defendant's petition for conditional release under section 6608. The People argued that the petition should be denied as frivolous because Dr. Park's 2013 evaluation was "nearly identical" to Dr. Park's 2010 evaluation, which the People attached to their response and which had been introduced at defendant's 2011 jury trial.

7

In his 2010 evaluation, Dr. Park concluded that defendant "is **NOT** likely to engage in sexually violent predatory criminal behavior as a result of a diagnosed mental disorder without appropriate treatment in custody. Her risk to the community is low at this time. She knows what she needs to do to maintain her sobriety and her relapse prevention plan is very realistic, as well as grounded to continue outpatient therapy and use those around [her] who are aware of her past behaviors to keep her in line by her sharing what her needs are appropriately. . . . [¶] . . . [I]t is my professional opinion, based on data, that [defendant] **does not meet** criteria as a sexually violent predator as described in Section 6600 . . . ."

The People further argued that "next to nothing has changed since the 2011 jury trial that would justify release, conditional or otherwise. Dr. Park's opinion then, as now, appears to be that [defendant] suffers from no mental disorder and is not at risk to reoffend. . . . This petition is nothing more than a request to relitigate the same issues presented in the 2011 trial. . . . [¶] . . . [¶] . . . It is simply not possible that any court could find facts in this petition upon which to find that Mr. Olsen's condition has so changed as to warrant even a hearing."

F. *The Trial Court's Order*

On June 21, 2013, the trial court held a hearing on defendant's petition for conditional release at which both defense counsel and the prosecutor appeared and argued. On the same day, June 21, 2013, the trial court issued its order denying defendant's section 6608 petition for conditional release as frivolous.

Before addressing the merits of the petition, the court stated in its order that the section 6608 "procedure does . . . create some mischief and leaves many questions unanswered: What are the boundaries the court can consider in making the 'frivolous' assessment? Can the court consider the context of the case? I.e., the law of the case? The unpublished affirmance of the finding of True by the Jury that [defendant] is an SVP [sexually violent predator]. The previous report by Dr. Park in 2010? Or, is the court

8

limited to just the Petition and supporting documents thereto? There are no clear answers. It is the belief of this court that the more information the better in an effort to make an informed decision."

Relying on the decisions in *People v. Smith* (2013) 216 Cal.App.4th 947 (*Smith II*) and *People v. Smith* (2013) 212 Cal.App.4th 1394 (*Smith I*), the trial court compared Dr. Park's 2010 and 2013 evaluations of defendant. The court found that Dr. Park had "reveal[ed] his advocacy" and also found there were only minor differences between the two evaluations. The court also reviewed the January 23, 2013 annual report, noting in particular Dr. Van de Putte's statements that defendant had repeatedly refused to participate in either the sex offender treatment program or substance abuse treatment and that defendant was " 'continuing her work to gain release through legal means.' "

The trial court concluded that the petition was frivolous because, although it was a "close call," "the petition falls short in comparison with the supporting information in *Smith II.*" (Underscoring omitted.)

Defendant filed a timely notice of appeal from the June 21, 2013 order.

### III. DISCUSSION

On appeal, defendant contends that the June 21, 2013 order denying the section 6608 petition for conditional release must be reversed because the petition is not frivolous. Defendant also contends that summary denial of a section 6608 petition for conditional release violates the equal protection and due process clauses. We will begin our evaluation of defendant's contentions with a brief overview of the SVPA.

#### A. *The SVPA*

The SVPA provides for the involuntary civil commitment, for treatment and confinement, of an individual who is found by a unanimous jury verdict (§ 6603, subds. (e), (f)), and beyond a reasonable doubt (§ 6604), to be a "sexually violent predator" (*ibid.*). The definition of "sexually violent predator" is set forth in section 6600, subdivision (a)(1) as follows: " 'Sexually violent predator' means a person

9

who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."

The SVPA was amended twice in 2006. Prior to those amendments, an individual determined to be a sexually violent predator was committed to the custody of the Department for a two-year term. The individual's term of commitment could be extended for additional two-year periods. (Former § 6604, as amended by Stats. 2000, ch. 420, § 3; former § 6604.1, as amended by Stats. 2000, ch. 420, § 4.)

On September 20, 2006, Senate Bill No. 1128 was signed into law and amended the SVPA effective immediately. (Stats. 2006, ch. 337, § 62.) Among other changes, the amended SVPA provided for an indeterminate term of commitment, and the references to two-year commitment terms and extended commitments in sections 6604 and 6604.1 were eliminated. (Stats. 2006, ch. 337, §§ 55, 56.)

Less than two months later, voters approved Proposition 83, which amended the SVPA effective November 8, 2006. (See Cal. Const., art. II, § 10, subd. (a).) Like Senate Bill No. 1128, Proposition 83 amended the SVPA to provide that a sexually violent predator's commitment term is "indeterminate." (§ 6604; see § 6604.1.) Proposition 83 also eliminated all references to a two-year term of commitment and most references to an extended commitment in sections 6604 and 6604.1. Thus, a person found to be a sexually violent predator under the SVPA is now subject to an indeterminate term of involuntary civil commitment. (*People v. Whaley* (2008) 160 Cal.App.4th 779, 785-787.) However, as discussed below, the SVPA provides for unconditional and conditional release under certain circumstances. (See §§ 6605, 6608.)

**B.** *Conditional Release Under the SVPA*

At the time defendant filed the petition for conditional release in 2013, the SVPA "specifie[d] two different procedures, in sections 6605 and 6608, for determining whether

the mental condition of a person committed as an SVP has improved sufficiently to entitle the person to either conditional release in a community-based facility or unconditional release." (*Smith I*, *supra*, 212 Cal.App.4th at p. 1399.)

Former section 6605 (now section 6604.9) applied when the Department had determined, in conjunction with its annual report, that the committed person no longer met the definition of a sexually violent predator or conditional release was in the best interests of the person. (*McKee I*, *supra*, 47 Cal.4th at p. 1187.) When either determination was made by the Department, former section 6605, subdivision (b) mandated that " 'the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge.' " (*McKee I*, *supra*, 47 Cal.4th at p. 1187.)

Where the Department does not authorize the committed person to apply for conditional release, section 6608, subdivision (a) permits the committed person to file a petition for conditional release without Department authorization. (See *Smith I, supra,* 212 Cal.App.4th at p. 1400.)[3] The statute serves the "primary due process goal of ensuring that only those individuals who continue to meet [sexually violent predator] criteria will remain involuntarily committed." (*McKee I*, *supra*, 47 Cal.4th at p. 1192, fn. omitted.) The person petitioning for conditional release is entitled to the assistance of counsel (§ 6608, subd. (a)) and is not required by section 6608 to support the petition with admissible evidence (*Smith II, supra*, 216 Cal.App.4th at p. 953, fn. 4).

---

[3] Effective January 1, 2014, section 6608, subdivision (c) provides that "[i]f the petition for conditional release is made without the consent of the director of the treatment facility, no action shall be taken on the petition by the court without first obtaining the written recommendation of the director of the treatment facility." (Stats. 2013, ch. 182, §3.)

## 1. Threshold Determination of Frivolousness

After the section 6608 petition for conditional release is filed, the trial court is required to make a threshold determination as follows: "Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing." (§ 6608, subd. (a).) The apparent rationale for the court's threshold determination of frivolousness is "to deter multiple unsubstantiated requests and to reduce the administrative burden that might otherwise occur . . . ." (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1148, fn. 14.)

The SVPA does not include a statutory definition of "frivolous grounds."[4] The California Supreme Court, employing the definition for a frivolous appeal established in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*), has instructed that a petition that is frivolous within the meaning of section 6608, subdivision (a) "is one that 'indisputably has no merit.' " (*McKee I*, *supra*, 47 Cal.4th at p. 1192.) In *Flaherty*, the court stated that an appeal "indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]"

---

[4] The legislative history for the 2013 revisions to section 6608 includes a bill analysis for Senate Bill 295 that states: "The SVPA does not define the term 'frivolous.' The courts have applied the definition of 'frivolous' found in Code of Civil Procedure Section 128.5(b) (2) : 'totally and completely without merit' or 'for the sole purpose of harassing an opposing party.' [People v. Reynolds (2010) 181 Cal.App.4th 1402, 1411; see also People v. McKee, supra, 47 Cal.4th 1172; People v. Collins (2003) 110 Cal.App.4th 340, 349.] Additionally, in [*People v.*] Reynolds, supra, 181 Cal.App.4th at p. 1407, the court interpreted [section] 6608 to require the petitioner to allege facts in the petition that will show he or she is not likely to engage in sexually violent criminal behavior due to a diagnosed mental disorder, without supervision and treatment in the community, since that is the relief requested." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 295 (2013-2014 Reg. Sess.) as amended June 20, 2013, p. F.)

(*Flaherty*, *supra*, 31 Cal.3d at p. 650; see also *Smith II*, *supra*, 216 Cal.App.4th at pp. 951-953; *People v. Collins*, *supra*, 110 Cal.App.4th at pp. 349-350 (*Collins*).)

If the trial court summarily denies the petition for conditional release as based upon frivolous grounds, the committed person may seek appellate review of the denial order.  (See, e.g., *Smith II*, *supra*, 216 Cal.App.4th at pp. 949-950; *Collins*, *supra*, 110 Cal.App.4th at pp. 345-346; see also *McKee I*, *supra*, 47 Cal.4th at p. 1192, fn. 6 ["nothing we say here precludes an individual from challenging an erroneous judicial determination that a petition is frivolous"].)

The trial court has abused its discretion if appellate review shows that the petition is not based upon frivolous grounds.  (*Collins*, *supra*, 110 Cal.App.4th at p. 349; see also *People v. Reynolds*, *supra*, 181 Cal.App.4th at p. 1408 (*Reynolds*) [abuse of discretion standard applies to review of order denying petition for unconditional release as frivolous]; but see *Smith II*, *supra*, 216 Cal.App.4th at p. 953 [applying substantial evidence standard of review to finding that petition is totally and completely without merit].)

### 2. Evidentiary Hearing

Where the trial court determines that the petition for conditional release is *not* frivolous, section 6608, subdivision (e) requires the court to "hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (e).)  However, "[n]o hearing upon the petition shall be held until the person who is committed has been under commitment for confinement and care in a facility designated by the Director of State Hospitals for not less than one year from the date of the order of commitment."  (§ 6608, subd. (d).)

The current version of section 6608 also specifies the burden of proof at the hearing:  "[T]he committed person shall have the burden of proof by a preponderance of

the evidence, unless the report required by Section 6604.9 [annual report] determines that conditional release to a less restrictive alternative is in the best interest of the person and that conditions can be imposed that would adequately protect the community, in which case the burden of proof shall be on the state to show, by a preponderance of the evidence, that conditional release is not appropriate." (§ 6608, subd. (i).)

## C. *The Parties' Contentions*

Defendant argues that the trial court erred in determining that the section 6608 petition for conditional release was frivolous because the court applied the wrong standard. Defendant explains that the court erroneously relied on the decision in *Smith II*, *supra*, 216 Cal.App.4th 947 as setting a standard for determining whether a petition is frivolous that requires the defendant to make an evidentiary showing equivalent to the evidentiary showing made by the defendant in *Smith II*.

Defendant also argues that the trial court improperly considered evidence submitted by the People in their response to defendant's section 6608 petition. Defendant asserts that section 6608, subdivision (a) does not require service of the petition for conditional release on the district attorney, who receives, pursuant to section 6608, subdivision (b), notice of the hearing on the petition for conditional release after the trial court has determined that the petition is not frivolous.

Defendant therefore contends that the trial court determines whether the petition for conditional release has been presented on nonfrivolous grounds by reviewing only the face of the petition and its supporting attachments. Since the trial court based its denial of defendant's petition for conditional release on the court's comparison of Dr. Park's 2013 evaluation, which was attached to the petition, and Dr. Park's 2010 evaluation, which was attached to the People's response, defendant contends that the court failed "to evaluate [the] issue before the court: the facial adequacy of the petition to state a basis for relief. [Citation.]" Defendant further contends that the petition is not frivolous because it alleges facts that would justify conditional release.

14

According to the People, the trial court did not abuse its discretion in denying defendant's petition for conditional release as frivolous. They contend that the trial court is not limited to reviewing only the petition and its supporting documents in determining whether a petition for conditional release is frivolous, since that would improperly bar the court from considering the Department's annual report. The People assert that "[i]n instances where a petitioner's statements could be factually disputed or omissions could be brought to light, the better approach is to allow the court to consider such information before going forward with a hearing."

The People also argue that the trial court properly determined that defendant's petition was frivolous because it was supported only by Dr. Park's 2013 evaluation, which did not provide any evidence to show that defendant's "circumstances had changed since [the] 2010 jury trial such that [defendant] no longer posed a danger to the community if conditionally released."

**D.** *Analysis*

We agree with defendant that the trial court did not apply the correct standard in determining whether a petition for conditional release is frivolous under section 6608, subdivision (a), which provides that "[u]pon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing."

As we have discussed, the statutory scheme for conditional release under the SVPA has two steps where, as here, the committed person has filed a petition for conditional release without Department authorization. First, the trial court makes a threshold determination as to whether the petition for conditional release is based upon frivolous grounds because any reasonable attorney would agree that the petition is totally and completely without merit. (§ 6608, subd. (a); see *McKee I*, *supra*, 47 Cal.4th at p. 1192; *Flaherty*, *supra*, 31 Cal.3d at p. 650.)

15

To make this threshold determination, the trial court reviews the petition and any supporting attachments to determine " 'if the defendant's position has some merit on the issue of whether he or she may qualify for conditional release.' " (See *McKee I*, *supra*, 47 Cal.4th at p. 1192, fn. 6.) A petition for conditional release is not based on frivolous grounds if the defendant has made a showing that he or she "would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community." (§ 6608, subd. (e); see *Smith II*, *supra*, 216 Cal.App.4th at p. 951.)

We are not convinced by defendant's argument that the trial court's threshold determination of frivolousness is limited to the face of the petition for conditional release and its supporting attachments, since section 6608, subdivision (a) does not preclude the trial court from reviewing the Department's annual report in making its threshold determination of frivolousness. Where, as here, the annual report indicates that the defendant does not qualify for conditional release, the court may consider whether the petition for conditional release makes a contrary showing. That is, the petition must show, based on the face of the petition and any supporting attachments, that the defendant "would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community." (§ 6608, subd. (e); see *Smith II*, *supra*, 216 Cal.App.4th at p. 951; see also *Reynolds*, *supra*, 181 Cal.App.4th at p. 1408 [petition for unconditional release was frivolous because two recent evaluations concluded that the defendant remained a sexually violent predator and the petition did not allege any facts to the contrary].)

For example, in *Smith II* the defendant filed a petition for conditional release under section 6608 to which he attached several documents, including the Department's annual report stating that conditional release would be appropriate after defendant achieved certain treatment milestones, a journal article by two psychiatrists who opined that the diagnosis of paraphilia NOS had been widely misapplied, and defendant's declaration that he was a candidate for conditional release because he had been informed by hospital

16

personnel that the Department recommended outpatient placement. (*Smith II*, *supra*, 216 Cal.App.4th at pp. 952-953.) The appellate court found appropriate the People's concession that the trial court had erred in summarily denying the petition for conditional release as totally and completely without merit. (*Id.* at pp. 951, 953.)

In *Collins* the appellate court also determined that the trial court had erred in denying a petition for conditional release under section 6608 as frivolous. The petition was supported by a report from the defendant's treating psychiatrist, who stated that the defendant's risk was greatly reduced and he could be managed in the community. (*Collins*, *supra*, 110 Cal.App.4th at p. 345.) The attachments to the petition also included the declaration of defense counsel, who stated that the treating psychiatrist would testify that the defendant had been chemically castrated and that hospital staff would testify that the defendant was not likely to reoffend if released to proper supervision in the community. (*Ibid.*) The appellate court concluded that "[b]ased on this record, we find no support for the superior court's conclusion that Collins's petition was totally or completely without merit . . . ." (*Id.* at pp. 351-352.)

We are also not convinced by defendant's contention that the People may not appear or oppose the petition for conditional release prior to the evidentiary hearing authorized by section 6608, subdivision (e). Although section 6608, subdivision (a) does not expressly provide that the People are entitled to representation at the time the trial court makes the threshold determination of whether the petition is based upon frivolous grounds,[5] it does require a person petitioning for conditional release to "serve a copy of the petition on the State Department of State Hospitals at the time the petition is filed with the court." (§ 6608, subd. (a).)

---

[5] In contrast, section 6608, subdivision (e) provides that the state is expressly entitled to legal representation at the hearing that is set after the trial court determines the petition for conditional release is not frivolous.

17

Moreover, we believe that the trial court has the inherent authority to allow the People to appear and to consider the People's response to the petition. It is "well established that courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them. [Citation.]" (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967.) The People's initial response to the petition for conditional release should nevertheless be limited to the issue of whether the face of the petition and its supporting attachments show that the petition is frivolous because any reasonable attorney would agree that the petition is completely and totally without merit. (See *McKee I*, *supra*, 47 Cal.4th at p. 1192; *Flaherty*, *supra*, 31 Cal.3d at p. 650.)

If the People respond to the petition for conditional release at the time the trial court makes its threshold determination of whether the petition is frivolous, the court's consideration of the People's response should not result in an evidentiary hearing on the issue of frivolousness. The trial court conducts an evidentiary hearing on the petition for conditional release only if the court has previously determined that the petition for conditional release is not frivolous. (§ 6608, subds. (b), (e).) During this second step of the process, the trial court makes a factual determination on the basis of the evidentiary hearing as to whether the defendant qualifies for conditional release because he or she "would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community." (§ 6608, subd. (e); see *People v. Rasmuson* (2006) 145 Cal.App.4th 1487, 1504 [construing former § 6608, subd. (d).]

Thus, section 6608 makes a distinction between the threshold issue of frivolousness and the factual question of whether the committed person qualifies for conditional release, and requires a separate determination of each issue. For that reason, "[a]n approach combining the determination of the petition's frivolousness and the question of the committed person's qualification for conditional release . . . would expressly contradict the language of the conditional release statute, which . . . requires a

18

noticed hearing in the event the court determines the petition is not frivolous. [Citations.]" (*Collins*, *supra*, 110 Cal.App.4th at p. 351, fn. 6.)

In the present case, the record reflects that the trial court reviewed defendant's petition for conditional release, the Department's 2013 annual report, the People's response to the petition, the psychological evaluations submitted by the parties, and heard argument from the parties' attorneys. In its order denying the petition, the trial court compared Dr. Park's 2010 and 2013 evaluations, and found that the petition was frivolous because defendant's evidentiary showing was inadequate in comparison to the evidentiary showing made in support of the petition for conditional release at issue in *Smith II*, *supra*, 216 Cal.App.4th 947. The court stated that although it was a "close call," "the petition falls short in comparison with the supporting information in *Smith II*." (Underscoring omitted.)

On this record, we find that the trial court did not apply the correct standard in making the threshold determination of whether defendant's petition for conditional release was based on frivolous grounds within the meaning of section 6608, subdivision (a). The court did not determine whether the petition was based upon frivolous grounds because any reasonable attorney would agree that the petition on its face and any supporting attachments are totally and completely without merit. (§ 6608, subd. (a); see *McKee I*, *supra*, 47 Cal.4th at p. 1192; *Flaherty*, *supra*, 31 Cal.3d at p. 650.) As stated in *Collins*, "it was not for the trial court to decide the issue [of the defendant's qualification for conditional release]; it was only to determine whether [the defendant] had presented a petition based on nonfrivolous grounds so as to entitle [the defendant] to a hearing on the matter. [Citations.]" (*Collins*, *supra*, 110 Cal.App.4th at p. 352.)

We recognize that the trial court indicated in its June 21, 2013 order denying defendant's petition for conditional release that the court lacked guidance with respect to the proper standard for the threshold determination of frivolousness. Among other

19

things, the court stated, "[w]hat are the boundaries the court can consider in making the 'frivolous' assessment? Can the court consider the context of the case? I.e., the law of the case? The unpublished affirmance of the finding of True by the Jury that [defendant] is an SVP."

Since we have outlined the appropriate standard for the trial court's threshold determination of whether a petition for conditional release is based upon frivolous grounds within the meaning of section 6608, subdivision (a) and the material the court may review in making its threshold determination, we believe that a remand for reconsideration of defendant's petition for conditional release is appropriate in this case. We will therefore reverse the June 21, 2013 order and remand the matter for reconsideration of the threshold issue of whether defendant's section 6608 petition for conditional release should be summarily denied because it is based upon frivolous grounds.

If the court determines that the petition is not frivolous, the court shall proceed to an evidentiary hearing as to whether the defendant qualifies for conditional release because he or she "would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community." (§ 6608, subd. (e).)

Having reached this conclusion, we need not address defendant's alternate contention that summary denial of a petition for conditional release is unconstitutional because it violates the equal protection and due process clauses.

## IV. DISPOSITION

The June 21, 2013 order denying the petition for conditional release is reversed. The matter is remanded for reconsideration of whether the petition for conditional release should be summarily denied because it is based upon frivolous grounds within the meaning of Welfare and Institutions Code section 6608, subdivision (a).

20

_____

BAMATTRE-MANOUKIAN, ACTING P. J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

*People v. Olsen*
**H039814**

| Trial Court: | Santa Clara County Superior Court |
| | Superior Court No.:  201555 |

Trial Judge:                              Hon. Gilbert T. Brown

Attorneys for Defendant and Appellant:    Elisa A. Brandes
William Karl Olsen

                                          Sixth District Appellate Program

Attorney for Plaintiff and Respondent:    Bridget Billeter
The People                                Office of the Attorney General

*People v. Olsen*
**H039814**