Filed 4/30/15  P. v. Wollschlager CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSS LEO WOLLSCHLAGER,<br><br>    Defendant and Appellant. | 2d Crim. No. B255268<br>(Super. Ct. No. 2013032632)<br>(Ventura County) |

Ross Leo Wollschlager appeals from the denial of his petition for conditional release as a sexually violent predator (SVP) without an evidentiary hearing.  (Welf. & Inst. Code, § 6605, subd. (b).)[1]  He contends the trial court abused its discretion when it did not set the petition for evidentiary hearing, because the medical director at Coalinga State Hospital and a staff psychologist recommended conditional release.  (§ 6605, subd. (b)(2).)[2]  The appeal is untimely.  It also lacks merit.  Substantial evidence supports the

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated. The Sexually Violent Predators Act (SVPA) (§ 6600 et seq.) was substantially revised in 2014.  (Stats. 2013, ch. 182, § 2 (Sen. Bill No. 295).)  Those revisions do not apply to Wollschlager's petition.  We limit our discussion to the provisions of the SVPA that were in effect in 2013.

[2] At the time Wollschlager filed his petition, section 6605, subdivisions (b) and (c) provided in relevant part:

trial court's finding that the recommendations were contradicted by the evaluation upon which they were based. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Wollschlager suffers from voyeurism, paraphilia, poly-substance dependence, and antisocial personality disorder. In 1983, a jury convicted Wollschlager of raping two women. In 1989, a jury convicted him of forcibly molesting a child while he was on probation for the rapes. In 1996, upon release from prison, Wollschlager was involuntarily committed to the custody of the State Department of State Hospitals as an SVP.

In 2007, the trial court conditionally released Wollschlager on outpatient status under the supervision and treatment of a forensic treatment program (CONREP) pursuant to section 6608. In 2009, Wollschlager violated the conditions of his release and the trial court revoked it.

In 2010, the trial court granted Wollschlager a second conditional release. At the same time, Wollschlager admitted the allegations of a petition to convert his commitment to an indeterminate term pursuant to Proposition 83.[3] Wollschlager again violated the conditions of his release and the trial court revoked it.

---

"(b) If the State Department of State Hospitals determines that . . . conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community, the director shall authorize the person to petition the court for conditional release to a less restrictive alternative . . . . The court, upon receipt of the petition . . . , shall order a show cause hearing at which the court can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney, or the committed person.
"(c) If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue."

[3] In 2006, California voters approved Proposition 83. It amended the SVPA to change the term of commitment from a two-year renewable term to an indefinite term from which the committed person can be released if he proves by a preponderance of the evidence that he is no longer an SVP. (See *People v. McKee* (2010) 47 Cal.4th 1172, 1183-1184.)

2

On appeal, we affirmed the order revoking conditional release and affirmed the underlying indeterminate commitment. (*People v. Wollschlager* (June 26, 2012, B224508) [nonpub. opn.].) It is undisputed that Wollschlager continues to meet the criteria for commitment under the SVPA.

In July 2013, Coalinga State Hospital Psychologist Dennis Gardner examined Wollschlager's mental condition as required by section 6605, subdivision (a). He concluded that Wollschlager's "mental condition *HAS NOT* changed such that he no longer meets the definition of Sexually Violent Predator. *However, it is this evaluator's opinion that Mr. Wollschlager could be safely treated in a community setting as a conditional release under the supervision of Liberty CONREP*." The medical director concurred.

Garner reported that Wollschlager's diagnosis was unchanged; Wollschlager remains sexually attracted to non-consenting females. His mental disorder "makes him a danger to the health and safety of others in that it is likely he will engage in sexually violent criminal behavior." On the STATIC-99R assessment of risk of being charged or convicted of another criminal offense, Wollschlager scored a six, "which falls within the High Risk Category." He "has not completed sexual offense treatment, the DSH Sex Offender Treatment Program, and he has not had sufficient treatment for his diagnosed mental condition and other dynamic risk factors." Nevertheless, Gardner offered the opinion that Wollschlager can be "safely treated in a community setting as a conditional release under the supervision of Liberty CONREP." He did not explain how or why this is possible.

Based on the report, Wollschlager filed a petition for conditional release as authorized by section 6605. The trial court conducted a show cause hearing and determined that no probable cause exists to set the petition for evidentiary hearing. Although Gardner recommended conditional release, and the medical director concurred, the trial court found the recommendations were not supported by facts: "It is undisputed . . . that petitioner's condition has not substantially or materially changed , . . . he has not

3

completed sex offender treatment, and . . . he remains at high risk for re-offending. The recommendation for conditional release is not supported and is entirely contradicted by the evaluation upon which it is ostensibly based. Moreover, the evaluation and recommendation contain no information whatsoever about any plan for safeguarding the community in the event that petitioner is conditionally released."

The clerk of the court served Wollschlager by mail with notice of entry of the order denying his petition on December 31, 2013. Wollschlager did not file a notice of appeal within 60 days.

On February 21, 2014, Wollschlager filed a "Motion to Reconsider" pursuant to Code of Civil Procedure section 1008, "subdivision (b)" based on "different facts that were not considered at the previous hearing." In support, he offered an unsigned memorandum from Gardner entitled, "Clarification of Evaluation Report for Mr. Wollschlager." The memorandum characterized Wollschlager's violations of the terms of his 2010 conditional release as "technical." Essentially the same description appeared in Gardner's initial 2013 report, and in a 2012 annual report, all of which the trial court previously reviewed. The memorandum also emphasized that Wollschlager participated in some treatment during his conditional release and at Coalinga State Hospital. It also reported that he participated in grief counseling following the loss of his parents. This treatment was previously described in Gardner's initial 2013 report, which characterized Wollschlager's attendance and participation as "fluctuat[ing]" and "diminishing . . .when he was working on legal matters."

The trial court assumed the authenticity of the memorandum, but denied the motion for reconsideration. It found the motion was untimely because it was not filed within 10 days of service of the underlying order (Code Civ. Proc., § 1008, subd. (a)), and without merit because Gardner's supplemental letter did not set forth any materially new or different facts. As the trial court put it, it was "just . . . different frosting on the same cake of his opinion."

4

DISCUSSION

Wollschlager's appeal is untimely because he did not file a notice of appeal within 60 days of service by mail of the order denying his petition on December 19, 2013. (Cal. Rules of Court, rule 8.104(a)(1)(B).) The clerk of the court served him with notice on December 19, 2013, and he filed his notice of appeal on April 3, 2014.

Wollschlager's motion to reconsider did not extend his time to appeal. A motion to reconsider extends the time to appeal if it is valid and made under Code of Civil Procedure section 1008, subdivision (a). (Cal. Rules of Court, rule 8.108(e).) Wollschlager's motion was invalid because he made it on February 21, more than 10 days after service of entry of the underling order on March 21. (Code Civ. Proc., § 1008, subd. (a); *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047.) Wollschlager's motion was not made under section 1008, subdivision (a). His motion was "based on section 1008, subdivision (b)." Subdivision (b) authorizes renewal of a previously filed motion based on new or different facts, but a motion made under its provisions does not extend the time to appeal. (Cal. Rules of Court, rule 8.108(e) Advisory Com. Comment.)[4]

The order denying Wollschlager's motion for reconsideration is not separately appealable. Code of Civil Procedure section 1008, subdivision (g) provides, "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable." Wollschlager argues that his motion was made pursuant to subdivision (b), and therefore subdivision (g) does not preclude his appeal. Prior to enactment of subdivision (g), there was a split of authority whether orders denying reconsideration were separately appealable. (Compare *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 710 [appealable] with *Tate v. Wilburn*

---

[4] The Advisory Committee Comment to rule 8.108(e) provides, "Subdivision (e) applies only when a 'party' makes a valid motion to 'reconsider' an appealable order under subdivision (a) of Code of Civil Procedure section 1008; it therefore does not apply when a court reconsiders an order on its own motion . . . or when a party makes 'a subsequent application for the same order'. . . . (See also Eisenberg, Horvitz & Wiener, Cal. Practice Guide, Civil Appeals and Writs (The Rutter Group 2014) 3:93:5, p. 3-43.)

5

(2010) 184 Cal.App.4th 150, 160 [nonappealable].) Subdivision (g) does not expressly address motions made under subdivision (b). But it would be absurd to allow appeal from motions made under subdivision (b) and not motions made under subdivision (a). "[T]he reasons . . . supporting the conclusion that an order denying a motion for reconsideration under section 1008, subdivision (a) is not appealable—i.e., to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal—apply with equal force to an order denying a renewed motion pursuant to section 1008, subdivision (b). Indeed, the possibility that a party may obtain an unwarranted extension of time to appeal is actually more of a concern with respect to a renewed motion under section 1008, subdivision (b), in light of the fact that such a motion may be brought at any time, while a motion for reconsideration must be brought 'within 10 days after service upon the party of written notice of entry of the [underlying] order.'" (*Tate*, at p. 160, quoting section 1008, subdivision (a).)

Even if Wollschlager had timely appealed, or the order denying reconsideration was separately appealable, we would affirm. Wollschlager did not meet his burden of demonstrating probable cause to believe that his condition has so changed that he is not a danger to others and will not engage in sexually violent behavior if conditionally released. (§ 6605, subd. (c).) As a safeguard for the indeterminate commitment of sexually violent predators, the SVPA requires the State Department of State Hospitals to examine committed persons each year and consider whether they are still an SVP and whether conditional release to a less restrictive alternative or an unconditional release is appropriate. (§ 6605, subd. (a).)[5] If the state hospital determines, as it did here, that "conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community," the

---

[5] The 2014 amendments change both the procedure and burden of proof for petitions for conditional release. The amendments do not apply here, as the parties agreed in the trial court. (2013 Sen. Bill No. 295.)

6

director must authorize the person to petition for conditional release to a less restrictive alternative. (*Id.,* subd. (b)(2).)[6]

Upon receipt of the petition for conditional release, the trial court must set a show cause hearing to determine whether there is probable cause for an evidentiary hearing. (§ 6605, subd. (b)(2).) At the show cause hearing, the court "can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney, or the committed person." (*Ibid.*) An evidentiary hearing is required only if "probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged." (§ 6605, subd. (c).) It is the petitioner's burden to establish probable cause by a preponderance of the evidence.

Gardner's evaluation established that Wollschlager's condition has not changed, and Wollschlager is highly likely to engage in sexually violent criminal behavior if discharged, even conditionally. While Gardner offers the opinion that "[Wollschlager] could be safely treated in a community setting as a conditional release under the supervision of Liberty CONREP," no factual basis supports this conclusion.

On review of an order denying an SVP's hearing on a petition for release, we consider whether the evidentiary record of the show cause hearing disclosed a rational basis for believing that Wollschlager meets the criteria for release. (*People v. Hardacre* (2001) 90 Cal.App.4th 1392, 1402.) The trial court's findings of fact are conclusive if supported by substantial evidence. (*Ibid.*) We do not agree with the parties that our review is for abuse of discretion. The cases upon which they rely do not involve probable

---

[6] Neither Wollschlager nor Gardner suggests that Wollschlager's condition has so changed that he is not an SVP or that he may be unconditionally released. We, therefore, do not discuss the procedures for unconditional release authorized by section 6605, subdivision (b)(1).

cause determinations.[7]  As we explained in *Hardacre*, a trial court's decision that there is no probable cause to set an SVP's petition for release for evidentiary hearing is like a magistrate's decision that there is no probable cause to set a criminal charge for trial. (*Ibid.*)  The standard of review is the same.  (*Ibid.*)

We independently review the record for probable cause and determine that Wollschlager did not meet his burden.  The record does not disclose a rational basis for believing that conditions can be imposed that adequately protect the community if Wollschlager is conditionally released.  The director's conclusion was not supported by any factual basis.  Substantial evidence supports the trial court's factual finding that the "recommendation is entirely contradicted by the evaluation upon which it is ostensibly based."

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

BIGELOW, J.[*]

---

[7] (*People v. Collins* (2003) 110 Cal.App.4th 340, 347, 349-351; *id.* at p. 351, fn. 6 [determination that petition for conditional release was "based upon frivolous grounds" under section 6608, subdivision (a) is reviewed for abuse of discretion]; *People v. Olsen* (2014) 229 Cal.App.4th 981, 994 [same]; *People v. Cross* (2005) 127 Cal.App.4th 63, 65 [denial of outpatient status under Penal Code sections 1603, subdivision (a)(1) and 1026.2, subdivision (e) after evidentiary hearing is reviewed for abuse of discretion]; *Packer v. Superior Court* (2014) 60 Cal.4th 695, 710 [determination whether to conduct an evidentiary hearing on a motion to disqualify the prosecutor under Penal Code section 1424 is reviewed for abuse of discretion].)

[*] (Presiding Justice of the Court of Appeal, Second Appellate District, Div. 8, assigned by the Chief Justice pursuant to art. VI, § 6 of the Calif. Const.)

Matthew Guasco, Judge

Superior Court County of Ventura

_____

Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, Stephen P. Lipson, Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Corey J. Robins, Deputy Attorney General, for Plaintiff and Respondent.