Filed 4/16/26  P. v. Leonard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>HARVEY MACK LEONARD,<br>        Defendant and Appellant. | C103245<br><br>(Super. Ct. No. SCV-0018150) |

Defendant Harvey Mack Leonard was committed for an indefinite term of treatment as a sexually violent predator under the Sexually Violent Predator Act (Welf. & Inst. Code,[1] § 6600 et seq.) (Act).  He appeals from an order denying his petition for conditional release as frivolous.  (See § 6608, subd. (a).)  Defendant contends the trial court abused its discretion by denying his petition, which he argues "made a prima facie showing that he would not be a danger to others while under supervision and treatment in the community."  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, defendant was adjudged a sexually violent predator under the Act and committed to the State Department of State Hospitals (Department) for an indefinite term.  Prior to his indefinite commitment, defendant had been continually incarcerated or

---

[1]     Further undesignated statutory references are to the Welfare and Institutions Code.

1

institutionalized since 1996. Defendant's sexual offense history spanned an nine-year period from 1976 to 1985, during which he was convicted of two counts of forcible rape involving female victims under the age of 18 years old. Several adult female victims also alleged that during this period defendant committed sexual assault, assault with intent to commit rape, attempted rape, digital penetration, forcible oral copulation, and forcible rape.

I

*Petition For Conditional Release*

On July 5, 2024, defendant filed a petition for conditional release pursuant to section 6608, subdivision (a). In support of this petition, defendant attached a declaration and eight exhibits. Most exhibits were documents the Department created between 2019 and 2024—including treatment plans, annual evaluations, psychological assessments, and a progress note. The last was a community reentry plan prepared by defendant on a Department form.

In defendant's declaration, he stated "professional staff" assessed his dangerousness as low. He also challenged the Department's annual evaluator's determinations and raised his medical conditions and advanced age as protective factors against reoffense.

The January 2024 treatment plan exhibit identified the following dynamic risk factors as barriers to defendant's discharge: intimacy deficits (i.e., hostility towards women and lack of concern for others); general self-regulation (i.e., impulsive acts, poor cognitive problem-solving, and negative emotionality or hostility); sexual self-regulation (i.e., sex as coping and deviant sexual interests); and lack of cooperation with supervision. Defendant enrolled in a sex offender treatment program to address his sexual self-regulation.

According to the community reentry plan exhibit, defendant intended to relocate to a mobile home in Tennessee and support himself by renting mobile homes in partnership

with his family.  Defendant wrote the plan on a Department form and supplied information in response to the fields of inquiry.  He stated, "[S]ex means nothing to me," and "[l]ife in general is the best group you will be able to complete" to summarize his intended sex offender treatment program and prevention plan for release.

Defendant also attached a psychological assessment from 2021 and a cognitive assessment from 2024 as exhibits.  The 2021 psychological assessment, which measured defendant's responses to sexual stimuli and included his self-reported sexual interests, suggested he had a high sexual interest in adolescent and adult females, with no indication of interest in sexual violence.  The 2021 psychological assessment also reflected a discrepancy between defendant's admitted sexual behaviors and offense history.  The 2024 cognitive assessment reported and interpreted the results of defendant's cognitive screening, which suggested he functions in the borderline range for overall neurocognitive abilities, with spelling and memory deficits.

II

*The Department's Annual Evaluation*

In 2024, the Department prepared and submitted an annual evaluation (2024 annual evaluation) stating defendant should not be considered for conditional release. The 2024 annual evaluation sourced information from prior annual evaluations, including those attached by defendant as exhibits to his petition.

The 2024 annual evaluation noted defendant enrolled in module two of the Department's four-module sex offender treatment program in 2021.  A facilitator reported defendant "participated actively and independently," making "[a]cceptable to [v]ery [g]ood progress."  The Department's staff also described defendant as having a "positive attitude" and being "highly motivated to participate in treatment."  In 2023, the facilitator reported "not being comfortable supporting" defendant's transition to the next module in the sex offender treatment program without polygraph assessments, and noted concerns about the dynamic risk factors.

3

The 2024 annual evaluation acknowledged defendant "has several medical conditions but no untreated medical conditions that would negatively impact motivation or ability to reoffend." It further acknowledged: "[Defendant] suffer[s] from Peyronie's Disease erectile dysfunction … however, … much of his sexualized violence against his young female victims was not limited to penile penetration; it also included forced oral copulation. Accordingly, this factor does not provide protective influence." The 2024 annual evaluation found defendant's advanced age provided "protective influence for the risk of future re-offense," but was "likely diluted by the presence of severe psychopathy and relatively recent (November 2022) active presence" in the sex offender treatment program.

The 2024 annual evaluation concluded, "[C]onditional release is not currently in [defendant's] best interest and conditions cannot be imposed that adequately protect the community." The 2024 annual evaluation reasoned defendant's "arousal to sexually deviant stimuli cannot [currently] be ascertained because he has not undergone the relevant objective assessments" and cited concerns about the dynamic risk factors. The Department's conditional release program also did not endorse defendant's release. The Department recommended defendant continue to participate in the sex offender treatment program, enroll in treatment for substance abuse and the unaddressed dynamic risk factors, complete polygraph and neurological assessments, and develop a thorough release plan in preparation for community outpatient treatment.

### III

### *Trial Court's Ruling*

The trial court found defendant's petition frivolous. The court found the 2024 annual evaluation gave appropriate consideration to defendant's medical conditions and advanced age as protective factors against reoffense when concluding release was not in defendant's best interest. The court considered the 2024 annual evaluation's assessment of defendant's progress in the sex offender treatment program and readiness for

4

conditional release. The court also considered defendant's release plan, noting it lacked specificity and coordination with defendant's treatment team and the conditional release program. Accordingly, the trial court denied the petition as frivolous.

Defendant appeals.

DISCUSSION

Defendant contends the trial court abused its discretion by denying his petition for conditional release as frivolous and "should have appointed an independent expert to evaluate [defendant], obtained a recommendation from [the Department's director], and conducted further proceedings as set forth in section 6608, subdivision (b)." We disagree.

Section 6608, subdivision (a) allows "[a] person who has been committed as a sexually violent predator … to petition the court for conditional release with or without the recommendation or concurrence of the [Department's director]." The trial court must "review the petition and determine if it is based upon frivolous grounds." (*Ibid.*) A frivolous petition is denied without a hearing. (*Ibid.*)

"A frivolous petition is one that 'indisputably has no merit.' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1192.) Specifically, a petition is frivolous if "any reasonable attorney would agree that the petition on its face and any supporting attachments [are] totally and completely without merit." (*People v. Olsen* (2014) 229 Cal.App.4th 981, 999.) A petition is not frivolous "if the defendant has made a showing that he or she [or they] 'would not be a danger to others due to his or her [or their] diagnosed mental disorder while under supervision and treatment in the community.' " (*Id.* at p. 996.)

"To make this threshold determination, the trial court reviews the petition and any supporting attachments to determine ' "if the defendant's position has some merit on the issue of whether he or she [or they] may qualify for conditional release." ' " (*People v. Olsen, supra*, 229 Cal.App.4th at p. 996.) The trial court may also consider the Department's annual report in determining whether a petition is frivolous. (*Ibid.*) It is

5

not necessary for a petition to append admissible evidence.  (*People v. Collins* (2003) 110 Cal.App.4th 340, 350.)

On appeal, we review the trial court's denial of defendant's petition for abuse of discretion.  (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408.)  "Where there is a basis for the trial court's ruling and it is supported by the evidence, we will not substitute our opinion for that of the trial court."  (*Ibid*.)

Here, the trial court considered defendant's petition, the attached exhibits, and the Department's 2024 annual evaluation to determine frivolousness.  Contrary to defendant's argument, section 6608 does not require the court to appoint an independent expert before finding a petition frivolous.  (See § 6608, subd. (g).)  While section 6608, subdivision (e) requires the court to obtain the written recommendation of the director of the treatment facility, the court complied with that requirement by obtaining the 2024 annual evaluation, which contained a statement of agreement by the director of the treatment facility with the evaluation's findings and recommendation.  In light of the compliance with section 6608, defendant, as the petitioner, bore the burden of proof that his petition was not frivolous.  (*People v. Smith* (2022) 75 Cal.App.5th 332, 343.)  The trial court did not abuse its discretion by finding defendant failed to carry this burden.

The 2024 annual evaluation noted defendant's participation in module two of the Department's sex offender treatment program, which addressed his sexual self-regulation.  Despite this participation, the facilitator was not comfortable supporting defendant's transition to the next module, noting concerns about the dynamic risk factors.  Further, defendant did not allege any efforts he took to address the other dynamic risk factors identified by the Department, leaving unanswered the question of how he sought to address risks of his reoffending.

The 2024 annual evaluation also noted the Department's conditional release program did not endorse defendant's release.  The Department recommended defendant receive additional treatment and develop a thorough release plan.  The community

reentry plan prepared by defendant lacked specificity and failed to identify a sex offender treatment program or prevention plan for release. It was not unreasonable for the trial court to find defendant's self-serving assurances that sex meant nothing to him or "[l]ife in general" was his treatment plan as insufficient options of preventing reoffense upon his release.

The 2024 annual evaluation considered that defendant "ha[d] several medical conditions but no untreated medical conditions that would negatively impact motivation or ability to reoffend" due to the nature of his sexualized violence. The 2024 annual evaluation also acknowledged defendant's advanced age as a "protective influence for [defendant] against the risk of re-offense." Considering defendant's medical conditions and advanced age, the 2024 annual evaluation still concluded conditional release was not appropriate. Though defendant raised his medical conditions and advanced age as protective factors against reoffense, his petition does not explain how these factors would prevent him from reoffending or otherwise negate the Department's concern that his medical conditions do not sufficiently protect against reoffense given the circumstances of his crimes. This is especially true given defendant's lack of a postrelease treatment plan.

Defendant argues his case warrants reversal because his petition raised legitimate concerns with the annual evaluations. Specifically, defendant argues the annual evaluations ignored positive reviews of his participation in sex offender treatment and objective assessments. Not so. The 2024 annual evaluation noted defendant's participation in sex offender treatment. Further, the attached assessments did not provide probative information defendant would refrain from sexually violent behavior if released. The 2021 psychological assessment evaluated defendant's sexual interests by observing his reaction to sexual stimuli. While defendant demonstrated an interest in adolescent and adult women without indication of an interest in sexual violence, the assessment was several years old and defendant did not appear to engage in the Department's

7

recommended tests for it to meaningfully assess his suitability for release. The 2021 psychological assessment further reflected inconsistencies between defendant's admitted sexual behaviors and offense history. The 2024 cognitive assessment reported defendant's cognitive functioning and did not address his mental health condition or likelihood of reoffense. At bottom, defendant misrepresents the relevance of the attached assessments, which do not undermine the trial court's decision.

Further, this case is unlike those in which summary denials were reversed because the petitions were not frivolous. (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1078, 1081; *People v. Collins*, *supra*, 110 Cal.App.4th at pp. 351-352.) For instance, in *LaBlanc*, the defendant's petition was supported by a clinical psychologist's report that challenged the validity of his mental diagnosis. (*LaBlanc*, at pp. 1063-1064.) The report also detailed the defendant's severe medical conditions and how those conditions significantly reduced the defendant's ability to reoffend. (*Id*. at p. 1077.) Similarly, in *Collins*, the defendant's petition was supported by a report from his treating psychiatrist, who stated he could be managed in the community if released. (*Collins*, at p. 345.) The defendant's counsel in *Collins* also submitted a declaration stating hospital staff would testify the defendant "was not likely to reoffend if released to proper supervision." (*Ibid*.)

Here, defendant failed to support his claim he would not be a danger to others while under supervision and treatment in the community. He did not offer any opinion of a mental health professional or assurances his medical conditions would prevent him from reoffending. Nor did he explain how he planned to refrain from sexually violent criminal behavior or participate in treatment if released.

Accordingly, the trial court did not abuse its discretion by denying defendant's petition for conditional release as frivolous.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
MAURO, J.

/s/
WISEMAN, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9